Montgomery v. Harker.

---

MONTGOMERY V. HARKER *et al., Appellants.*

| 81 | 63 |
|-----|-----|
| 86a | 91 |

1. **Practice in Supreme Court:** INSTRUCTIONS: EVIDENCE. This court will not review instructions not contained in the bill of exceptions, and will not pass upon the weight of the evidence.

2. **Bond to Perfect Title.** A bond recited a sale of land by one of the obligors therein to M., and concluded as follows: "Now upon the perfecting of the title of said lot in and to the said M. by the undersigned, this bond to be void." *Held,* that the obligors must, by the terms of the bond, remove an incumbrance upon the land at the time of the sale, as well as otherwise perfect the title.

*Appeal from Livingston Circuit Court.*—HON. J. M. DAVIS, Judge.

AFFIRMED.

*E. J. Broaddus* for appellants.

The court erred in rendering judgment against appellants for the full amount of the bond—$3,000—the amount due upon the deed of trust at the date of sale being only $500, with some interest. The true measure of damages was the amount plaintiff would have been compelled to pay to extinguish the incumbrance. *Prescott v. Freeman,* 3 Am. Dec. 246; *Funk v. Voneida,* 14 Am. Dec. 617; *Kellogg v. Martin,* 62 Mo 429. The measure of damages adopted by the court applies to covenants of seizin, and not to covenants against incumbrances. *St. Louis v. Biggle,* 46 Mo. 157; *Henderson v. Henderson,* 13 Mo. 151. If it is held

that the writing in suit is a covenant against incumbrances, then the rule laid down in cases last cited should have been applied in the assessment of damages, provided plaintiff was entitled to recover at all. The petition alleges that the writing in suit was a contract for further assurance, and if this court so holds, then plaintiff was entitled to no damages, for the reason that the incumbrance shown to have existed was not under the control of appellants. *Armstrong v. Darby*, 26 Mo. 517. The terms of the writing in suit do not, by any fair rule of interpretation, include the incumbrance in question.

*L. T. Collier* for respondent.

The instrument in suit binds the parties executing the same to make the respondent a perfect title. It covers all defects of whatsoever kind, whether they be incumbrances by deeds of trust, judgments or outstanding claims or titles. The language of the instrument in question is so plain as to leave no room for construction, and the oral testimony given on the trial was improper, and should be disregarded. *Pavey v. Burch*, 3 Mo. 314; *Singleton v. Fore*, 7 Mo. 515; *Gooch v. Conner*, 8 Mo. 392; *St. Louis Gas Light Co. v. St. Louis*, 46 Mo. 127; *Kimball v. Brawner*, 47 Mo. 399; *Edwards v. Smith*, 63 Mo. 119. The defense set up by appellants is without foundation in law or fact. Plaintiff was under no obligation to remove the incumbrance of the deed of trust given by Noble to Edgerton, having accepted the agreement in question, and having been evicted of the premises by the purchaser under the trustee's sale, he is entitled to recover his consideration money; nor was he bound to purchase at such sale in order to protect his title. Rawle on Covenants for Title, (3 Ed.) 144, 145.

EWING, C.—This was a suit on the writing hereinafter set forth, for failure, as alleged, to perfect the title to the real estate therein named, which, on the day of the date of this writing, April 22nd, 1870, plaintiff had purchased from

the defendant Harker, and paid him cash for it, to-wit, $3,000.

The petition then alleges: That at the time of the making of said writing, there was an encumbrance on said lot, consisting of a deed of trust dated October 8th, 1866, executed by defendant Noble and wife (who were the then legal holders of said premises,) to defendant Edgerton, trustee for Martin Sharp and Elizabeth Berry, to secure the payment of $1,000, then unpaid. Of all which defendants had notice. That afterwards, on the 26th day of August, 1875, said deed of trust by trustee, the defendant Edgerton, was duly foreclosed, and Elizabeth Berry became the purchaser for the sum of $350, who received a deed therefor from the trustee. That the title conveyed by said Edgerton, trustee, was paramount to the title of the plaintiff, and the plaintiff was evicted from the premises by the purchaser thereunder, the said Elizabeth Berry.

The defendants, after admitting all the material allegations in the petition, further answered as follows: That plaintiff, at the time he purchased said lot had both actual and constructive notice of said encumbrance; that the object in taking from the defendants the bond in suit, was not to protect plaintiff from said encumbrance, but to secure him against a known defect which existed in the title, to-wit: That Martin Sharp and Elizabeth Berry, the beneficiaries in said deed of trust, had on the 8th day of October, 1866, conveyed the lot to Alexander Noble, that Noble had conveyed it to Harker, and Harker to plaintiff; that Martin Sharp's title was defective in this; that he had only an equity; that the title he claimed to have conveyed was in the heirs of Benjamin Berry, deceased; that plaintiff refused to pay defendant, Harker, the purchase money until this defect in the title was cured. Hence the execution of the writing in suit. That in order to comply with said bond in suit, and perfect the title as understood between the parties, defendant, Harker, on the 6th day of November, 1871, procured Jonathan Sharp and others, the

heirs at law of Martin Sharp (who in the meantime had died), to bring a suit in the circuit court of Livingston county, Missouri, against Chloe Berry and others, the heirs at law of Benjamin Berry, (also dead,) the object and aim of which was to procure a decree vesting the legal title in the heirs of Martin Sharp, which was then in the heirs at law of said Benjamin Berry; that said suit was prosecuted to a final determination, and judgment was for the plaintiffs in said suit; that said cause was appealed to the Supreme Court of Missouri, and the finding of the circuit court affirmed; and that the same is reported in 60 Mo. Reports, page 575, to which reference was made. The defendants claim that having so perfected the title of said lot, the said writing has been complied with in every particular.

The instrument sued on is as follows:

"Know all men by these presents, that we, the undersigned, are held and firmly bound unto John Montgomery, his heirs, executors and administrators, in the sum of $3,000, to be void upon the following conditions, to-wit: Whereas, Garrison Harker has sold to said Montgomery a part of lot No. 3, in Block No. 51 of the city of Chillicothe, Missouri, and more particularly described as the north twenty feet fronting on Locust street and running back to an alley 112 feet of said lot. Now upon the perfecting of the title of said lot, in and to the said Montgomery, by the undersigned, this bond to be void.

This April 22nd, 1870.

GARRISON HARKER, (L. S.)
ALEXANDER NOBLE, (L. S.)
D. W. C. EDGERTON, (L. S.)"

Notwithstanding the case wholly depends upon the proper construction of this agreement, both the plaintiff and defendants offered evidence without objection, tending to show what was understood by the written instrument. No objection was made to the evidence, and the instructions were not copied in the bill of exceptions, and hence, cannot be considered here.

The appellant's motion in arrest of judgment, is to the effect alone, that "the record in this case. is not sufficient to support the judgment."

The petition alleges the purchase and payment for the land; that there was a prior incumbrance on it, under which it was sold and bought by Elizabeth Berry, and plaintiff evicted from the premises. The court, sitting as a jury, found for the plaintiff upon the trial, after hearing the evidence.

The instrument sued on, seems so plain, that it construes itself. After setting out the facts, it concludes: "Now, upon the perfecting of the title of said lot, in and to the said Montgomery, by the undersigned, this bond to be void." Why will this not obligate the defendants to remove the incumbrance on the land at the time of the sale, as well as to perfect the title in Harker otherwise. Harker could not have a perfect title as long as there was a prior valid incumbrance; and under the contract, he was bound to remove the incumbrance before he could "perfect" the title in the plaintiff.

The answer alleges, that other defects were in contemplation when the bond was made, but the circuit court trying the case, has decided otherwise on the evidence and instructions. We cannot review the instructions because they are not preserved, and it is not our province to pass upon the weight of the evidence. This court, therefore, is confined to the pleadings and instrument sued on, and believing that the pleadings are sufficient, and the instrument binds the defendants to perfect the title in the plaintiff, the judgment of the court below is affirmed. All concur.