THE STATE *ex rel.* WOOLDRIDGE, *Appellant,* v. KEUCHLER *et al.*

Appeal: AFFIDAVIT FOR, WHEN MUST BE FILED. An affidavit for an appeal from a judgment of the circuit court must be made in term; if made in vacation the appeal will be dismissed.

*Appeal from Chariton Circuit Court*—HON. G. D. BURGESS, Judge.

APPEAL DISMISSED.

*Smith & Krauthoff* for appellant.

The appeal should not be dismissed. The statutory requirement that an affidavit for an appeal should be filed

at the term at which the appeal is taken may be waived by the respondent. *Jacobs v. Morange*, 1 Daly 523, 527. The statute governing the filing of bills of exceptions requires them to be filed at the term at which the same are taken "*and not after.*" R. S., sec. 3636. But parties can, by consent, extend the time beyond the term. The same ruling should apply to perfecting an appeal. *Pomeroy v. Selmes*, 8 Mo. 727; *Blankenship v. R. R.*, 48 Mo. 376; *Henze v. R. R.*, 71 Mo. 634; *West v. Fowler*, 55 Mo. 300; S. C., 59 Mo. 40. Besides the action of the respondents in filing an abstract and a brief upon the merits is a waiver of the point that the affidavit was not filed in term. *Pearson v. Lovejoy*, 53 Barb. 407; *Stover v. Ins. Co.*, 9 Abb. Pr. 23 and 27.

*A. W. Mullins* with *Chas. Hammond* for respondents.

The circuit court had no power to grant leave to the plaintiff to file an affidavit for the appeal *in vacation* after the adjournment of the court, nor to allow an appeal without the affidavit was first filed. R. S., sec. 3712; *Randolph v. Mauck*, 68 Mo. 468; *State ex rel. Partridge v. Lewis*, 71 Mo. 170; *Staveley v. Kunkel*, 27 Mo. 422; *Pershing v. Canfield*, 70 Mo. 140.

NORTON, J.—It is provided in section 3712, Rev. Stat., that no appeal shall be allowed, unless: First, it be made during the term at which the judgment or decision appealed from was rendered; and, second, the appellant or his agent shall, during the same term, file in the court his affidavit stating that such appeal is not made for vexation or delay, but because the affiant believes that the appellant is aggrieved by the judgment or decision of the court.

The record in this case shows that no affidavit for appeal was filed during the term at which the judgment was rendered, but the affidavit was filed in vacation before the

clerk, and the appeal granted was conditioned on such filing. In this state of the record, the following authorities justify the dismissal of the appeal as requested by respondent, and it is hereby dismissed. *Lengle v. Smith*, 48 Mo. 276; *State ex rel. Partridge v. Lewis*, 71 Mo. 170; *Clelland & Co. v. Shaw*, 51 Mo. 440; *Stavely v. Kunkel*, 27 Mo. 422. All concur.