W. P. SPURGEON, Plaintiff in Error, v. H. K. WEST, ADMINISTRATOR, ETC., OF ANNA McKEE, Defendant, in Error.

Kansas City Court of Appeals, June 28, 1886.

CASE ADJUDGED.—The record fails to show that plaintiff excepted to any action of the court, at the trial, in giving or refusing instructions. Without taking such exceptions this court cannot review the instructions. And the action, being one at law, triable before a jury, questions of law can only be raised at the trial by instructions.

ERROR to Linn Circuit Court, HON. G. D. BURGESS, Judge.

*Affirmed.*

O. F. LIBBY, W. H. BROWNLEE, for the plaintiff in error.

H. K. WEST and A. W. MULLINS, for the defendant in error.

I.   It does not appear that any exception was taken or saved to any ruling or order of the trial court in this case.   There is, therefore, no question presented for decision.   Rule fifteen of this court ; *St. Joseph v. Enworth,* 65 Mo. 628 ; *Jackson v. Railroad,* 80 Mo. 147 ; *Bradley, etc., Mfg. Co. v. Bean,* 20 Mo. App. 111.

PHILIPS, P. J.—The errors complained of by plaintiff in error are such as arose in the progress of the trial, in giving a certain instruction at the request of defendant, and refusing instructions requested by plaintiff. The record, as furnished this court by plaintiff in his abstract, fails to show that he excepted to any action of the court, at the trial, in giving or refusing instructions. Without taking such exceptions we cannot review the instructions.   And the action, being one at law, triable before a jury, questions of law can only be raised at the trial by instructions.   This has been so repeatedly decided by the supreme and appellate courts that it is unnecessary to cite cases.

Plaintiff in error recognizing the fact that the abstract of the record, furnished by him, failed to comply with the rule of this court, sought, after the time had expired, to remedy this omission by offering to file here a full abstract.   This offer was refused.   But, on looking at this additional abstract, which we are to assume is full, inasmuch as plaintiff's attention had been di-

rected to the importance of this matter, we discover the same defect in the record, a failure on the part of plaintiff to save any exception to the action of the court, in giving or refusing instructions.

The judgment of the circuit court is affirmed. All concur.