GERHARDT GIESING, Respondent, v. F. SCHOWENGERDT ET AL., Appellants.

Kansas City Court of Appeals, February 8, 1887.

1. PRACTICE—ALLOWANCE OF APPEAL—REQUIREMENTS OF STATUTE CONCERNING.—The statute (sect. 3712, Rev. Stat.) requires that before an *appeal* shall be allowed, the appellant or his agent shall file his *affidavit* stating, etc., *during the term*, and that the appeal shall be perfected *during the term*. The act of 1885 (Laws of Mo. 1885, page 216) amends this statute so as to allow the appellant ten days after adjournment of court in which to file the required bond to operate as *supersedeas*, but no change is made as to the *affidavit*. The appellate court acquires no jurisdiction over the cause, where the appeal is not perfected within the time prescribed by the statute.

2. ──── JURISDICTION — How ACQUIRED.—The jurisdiction of this court can only attach by appeal or writ of error. The making of the *affidavit* during the term at which the judgment is rendered is in the nature of a jurisdictional act. Without it being done, and within the time prescribed, no appeal shall be allowed. Consent of parties cannot confer jurisdiction. *Waivers* respecting jurisdictional questions are not recognized.

APPEAL from Osage Circuit Court, HON. A. J. SEAY, Judge.

*Stricken from the docket because of this court having acquired no jurisdiction over the cause.*

RYORS & VOSHOLL and H. CLAY EWING, for the appellants.

The respondent, by his consent to the filing of the

*affidavit* and bond in vacation, under order of court, is estopped to question its efficiency now.

SMITH & KRAUTHOFF with HENRY MARQUAND, for the respondent.

·   This case is not properly here and must be stricken from the docket. The precedent steps for a valid appeal were not taken by the defendants. The statute provides that "no appeal shall be allowed, unless  *   *   * the appellant shall, *during the same term*, file in the court his affidavit, etc." Rev. Stat., sect. 3712. The amendatory act of 1885 (Acts 1885, p. 214, sect. 6) did not change this provision. In this case, the affidavit was filed, under leave of court, nearly *ninety days after* the term, and the only authority for bringing this case is an entry made by the clerk in vacation, in pursuance of the same order of court. Both steps were not only without authority of law, but also stood forbidden by the express statutory provision cited. *State ex rel. Wooldridge v. Keuchler*, 83 Mo. 193, and cas. cit. ; *State ex rel. Clark v. Railroad*, 84 Mo. 129 ; *Swank v. Swank*, 85 Mo. 198 ; *State v. Rhodes*, 86 Mo. 635. The *Wooldridge csse* was even stronger for that appellant than is this case. There, the entry allowing the appeal was made by the court in term time, subject to the condition that an affidavit should be filed within sixty days, to which extension the respondent had consented. This case should be stricken from the docket.

PHILIPS, P. J.—This is an action to recover damages for obstructing a water course. Plaintiff had judgment, and defendants claim to have the case here on appeal.

The record shows that no appeal was taken at the term at which judgment was rendered ; but the record recites that, by consent, the court granted leave to defendants to file affidavit and bond for appeal, and bill of exceptions within ninety days after adjournment of court. The affidavit and bond were accordingly filed in

vacation, and more than ten days after adjournment of court.

By section 3712, Revised Statutes, it is declared that : "No such appeal shall be allowed, unless : First, it being made during the term at which the judgment or decision appealed from was rendered ; and, second, the appellant or his agent shall, during the term, file in the court his affidavit stating, etc."

By the act of 1885 (Laws Mo. 1885, p. 216, sect. 7) this statute was amended so as to allow the appellant ten days after adjournment of court in which to file the required bond, to operate as a *supersedeas*. But no change was made in respect of the time within which the affidavit should be made. The language of the statute is mandatory : ''No such appeal shall be allowed," unless the affidavit therefor is made during the term at which the judgment was rendered.

Under the repeated decisions of the Supreme Court, the appellate court acquires no jurisdiction over the cause where this affidavit and appeal is not perfected within the time prescribed by statute. *State ex rel. Wooldridge v. Keuchler*, 83 Mo. 193, and cases cited ; *State ex rel. Clark v. Railroad*, 84 Mo. 129 ; *Swank v. Swank*, 85 Mo. 198 ; *State v. Rhodes*, 86 Mo. 635.

It is insisted, however, by counsel for defendants that the plaintiff's consent that defendants might file the affidavit in vacation estops him from raising this objection in this court ; and we are referred to the following authorities in support of this position : *Pearson v. Lovejoy*, 53 Barb. 407 ; *Stover v. Ins. Co.*, 9 Abb. Pr. 23, 27.

These cases are not applicable. The first named case involved the right of appeal from a justice's court to the county court, under a statute that permitted the defendant, who had not been personally served, twenty days after notice of judgment to take an appeal. It was held that the notice required was written notice by the plaintiff to the defendant, and that because the plaintiff after the appeal, taken out of time, had, by his appear-

ance and assigning the case for hearing on its merits, treated the appeal as timely, he was held to have waived the objection. So in the other case cited, it was simply held that giving admission of due service of notice of appeal, is a waiver of the objection that it was served out of time. The question here is entirely different. It goes to the jurisdiction of this court over the cause. Our jurisdiction can only attach by appeal or writ of error. The making of the affidavits during the term at which the judgment is rendered is in the nature of a jurisdictional act. Without it being done, and within the time prescribed, "no appeal shall be allowed." The circuit court had no power to grant the appeal unless the affidavit therefor was made in term time. Consent of parties cannot confer jurisdiction. *Stone v. Corbett*, 20 Mo. 350 ; *Dodson v. Scroggs*, 47 Mo. 285 ; *Cones v. Ward*, *Ib.* 289. As well might the parties stipulate that no affidavit should be filed, or that no writ of error should be necessary to have issued, in order to bring the record into this court for review, as to stipulate that the appeal might be perfected in a manner other than that prescribed by the statute. If they can waive the one mandatory requirement of the statute they may another. Such waivers respecting jurisdictional questions are not recognized.

This court having acquired no jurisdiction over the cause, the same is stricken from the docket. All concur.