George W. Sedgwick et al., Plaintiffs in Error, v. George W. Evans, Defendant in Error.

Kansas City Court of Appeals, April 11, 1887.

PLEADING—GENERAL DENIAL—EVIDENCE UNDER — CASE ADJUDGED.
  Where an answer of an individual pleads a set-off, and this is de-
  nied by the replication, it is competent for the plaintiff, under the
  pleadings, to show that the dealings out of which the claim of
  set-off arose were with a *partnership*, of which the defendant was
  a member, and not with him *individually*.

Error to Osage Circuit Court, Hon. A. J. Seay, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

Edwin Silver, for the plaintiffs in error.
  I.   Plaintiffs' petition states a good cause of action.
"Such a reception of the price (of goods sold), refusal to
deliver and conversion of the goods constitute plenary
evidence of an implied promise to refund the price paid,
and an action for money had and received is an appro-
priate remedy for the plaintiffs." *Nash v. Towne*, 5
Wallace, 689, 702. So, the measure of damages is the
price paid, with lawful interest. *Nash v. Towne, supra.*
  II.  Defendant set up in his answer that, prior to the
payment of the draft, he had furnished ties to plaintiffs,
on which they still owed him (including the draft sued on
as a credit) a balance of $132.90. Plaintiffs, in their rep-
lication, deny the matter in the answer so alleged, and
say that they received from Benson & Evans, a partner-
ship composed of John E. Benson and defendant, at divers
times in 1880 and 1881, twenty-four hundred and twelve
first-class ties, at thirty-one and one-half cents per tie,

and two hundred and forty second-class ties, at sixteen cents per tie, making a total sum of $798.18, for said ties; that they had paid Benson & Evans thereon all but a balance of twenty-nine dollars, which they were ready and willing to pay said firm; *that defendant never delivered to plaintiffs any ties on his individual account, or in payment or satisfaction of the draft mentioned in the petition.*

III. Thus we see the plaintiffs *distinctly raised the issues* whether or not Benson and defendant were *partners* in furnishing ties to plaintiffs, and whether or not the money sued for was paid on ties delivered by *Benson & Evans*, the plaintiffs claiming that they only owed a balance of twenty-nine dollars on the ties delivered by Benson & Evans, exclusive of the two hundred dollars sued for, and that the latter were paid for ties to be delivered by defendant separately and *individually*, and which the defendant *controverted.* Such being the state of the pleadings, any facts and circumstances were certainly admissible which tended to show that defendant and Benson *were partners* in ties delivered by either of them to plaintiffs, and that plaintiffs had already settled with Benson & Evans, or either of them, for said ties (except as to the balance of twenty-nine dollars), when the draft mentioned in the petition was given and paid, and that, therefore, the said two hundred dollar draft was not given and paid on ties previously delivered, but was the advance price on ties to be thereafter delivered by defendant. The plaintiffs, therefore, complain of the action of the trial as follows: (1) Its refusal to permit the questions on the above issues to be answered by the defendant when on the witness stand; (2) the refusal to permit plaintiffs to read in evidence the letter signed by G. W. Evans; (3) also postal card signed by G. W. Evans; (4) also letter of defendant; (5) also the refusal of the court to permit John Benson to answer the questions asked of him; also the refusal to permit the questions asked James Ramsey to be answered.

In *Rimel v. Hayes* (83 Mo. 207), where the question and issue were, whether plaintiff had done work for defendants as partners of a third person, it was held error in the lower court to refuse to permit the plaintiff to state upon whose credit he did the work for which he sued.

IV. The court committed error in *refusing* to give *instructions* as asked by plaintiffs. Instruction number one stated the law correctly and should have been given. *Nash v. Towne*, 5 Wallace (U. S.) 689. It was defendant's *duty* to deliver the ties within a *reasonable* time. 2 Benjamin on Sales (4 Am. Ed.) sect. 1023. So instructions numbers two, three and four should have been given as asked by the plaintiffs. They were fully warranted by the pleadings and the evidence.

V. The *instruction* given by the court of its *own motion* is erroneous, *assuming* facts not in evidence.

SMITH & KRAUTHOFF, for the defendant in error.

I. The *correction* made in the abstract, by pointing out this erasure, will dispose of all the points made by the plaintiffs in error in their brief. The testimony which was excluded was all directed to the part of the replication which thus stands stricken out. The brief for the plaintiffs in error indicates this very clearly. The specific ground of objection urged in the court below was, that the testimony so excluded was "not relevant to any issue in the case." This objection was repeated time and again, thus bringing the matter plainly to the attention of the plaintiffs in error, so that if they desired to present such an issue in the case the opportunities for amending the pleadings accordingly were abundant. They failed to take the necessary steps to make the testimony referred to competent, and it needs no citation of authority to establish the proposition, that having thus failed they cannot now be heard to urge these points. Besides, an examination of the abstract will show, that in most cases the question

asked was not followed up by an offer to prove a given
state of facts to which the question related. Under well
settled rules of practice, objections thus preserved cannot
be noticed in this court.

II. The *instructions* given by the court of its own
motion fully and fairly presented the only issues pre-
sented by the pleadings to the jury.

ELLISON, J.—The plaintiffs, in their petition, charge
that they are partners dealing in railroad ties, and on
the twenty-ninth day of April, 1881, through their
agent, drew a draft on George W. Sedgwick for two hun-
dred dollars, which was duly honored and paid; that
the consideration for the draft was a contract on the part
of the defendant to deliver plaintiffs ties for the same;
that defendant has failed and refused to deliver the ties,
although a reasonable time has elapsed, and plaintiffs
ask judgment for the two hundred dollars, with six per
cent. interest. The defendant answered, admitting the
partnership, and that plaintiffs were dealers in ties, as
charged, and also the making and payment of the draft,
but denied that the draft was given in pursuance of a
contract, as stated in the petition. Further answering,
defendant alleged that, "long prior to the payment and
drawing of said draft this defendant had furnished to
said plaintiffs and agents of said plaintiffs, and delivered
to them ties, under a contract made with plaintiffs
through said agents, amounting in value to $538.18;
that, as total pay for said ties so delivered, he had re-
ceived, including the draft sued on, the sum of $405.28;
that the difference between $538.18, the agreed value of
ties so delivered, and $405.28, is $132.90, being the bal-
ance due this defendant, and for which he asks judgment
and costs."

The plaintiffs replied to the foregoing answer, deny-
ing, first, the new matter therein stated, and then set
out that plaintiffs did receive from Benson & Evans, a
firm composed of John E. Benson and defendant, at

divers times in 1880 and 1881, twenty-four hundred and twelve ties ( 2,412 ) of the first-class at a value of thirty-one and one-half cents each, and two hundred and forty ties ( 240 ) of the value of sixteen cents each, making a total sum of $798.18; that, during the time said ties were being delivered, there was paid to said Benson & Evans $769.18, leaving a balance due said partnership of Benson & Evans of twenty-nine dollars. Plaintiffs also denied that defendant delivered to them any ties on his individual account, or in payment or satisfaction of the draft sued on. Plaintiffs also averred their willingness to settle and adjust any accounts between them and Benson & Evans, but denied that the ties delivered to them by said firm of Benson & Evans were set-offs in this action. All that portion of the replication, except the general denial of the new matter set up in the answer, was said by defendant to have been stricken out. Plaintiffs deny this. There is no order of court striking it out, but the replication appears in the record as follows: " Plaintiffs, for their replication to the answer of defendant, say that they deny each and every allegation in said answer setting up new matter." Then follows the new matter set up in the replication, across which new matter, from opposite corners thereof, were drawn diagonal lines, crossing in the center. It does not appear how, nor when, these lines were put upon the paper upon which the replication was written, whether before it was written or afterwards, nor does it appear with what intention they were placed there. We need not pass on this point of dispute between the parties, as we regard the general denial of the new matter in the answer as sufficient to cover the ground contended for by plaintiffs in the progress of the trial. The answer admitted plaintiffs' partnership, the making of the draft, and that plaintiffs were dealers in ties, but denied that the draft was given as advance payment to defendant for ties he was thereafter to deliver. It then proceeds to allege that the draft was given in payment of ties *there-*

*tofore* furnished plaintiffs. The answer then alleged an over payment on such delivery of $132.90, and asked judgment against plaintiffs for that sum. To this new matter the replication contained a general denial, omitting that portion alleged to have been stricken out. That is, the replication denied that the draft was given to defendant in payment for ties which *he* had theretofore delivered. On the trial, plaintiffs offered evidence, consisting of defendant's letters and of oral testimony, tending to show that the dealings he had concerning ties gotten out before making the draft, was with a firm of Benson & Evans (Evans being the defendant herein). This evidence the court rejected and the question is, was it admissible under the general denial contained in the replication? We think it was. The petition stated a cause of action based on a draft given as advance payment for ties to be furnished by defendant individually; the answer admitted the payment, but alleged a tie deal between defendant individually and plaintiffs, prior to giving the draft, and that the draft was payment on that deal, etc. This the replication denied. Defendant gave evidence tending to support his answer, and plaintiffs, on cross-examination of defendant's witnesses and by evidence in rebuttal, undertook to show such dealings was a separate affair and was with the firm of Benson & Evans. If this was the fact, defendant's answer was not. If this was true the indebtedness of defendant to plaintiffs could not be affected by the claim of the firm of Benson & Evans against plaintiffs. We are of the opinion the evidence offered by plaintiffs should have been admitted and that their refused instructions should have been given.

The judgment is reversed and the cause is remanded. All concur.