WINTON & DEMING STATE BANK, Appellant, v. SIMON R. HARRIS, Respondent.

Kansas City Court of Appeals, January 16 and May 1, 1893.

1. **Pleading:** DEFECT OF PARTIES: WAIVER. The action was on a promissory note. The answer was a set-off for service as attorney. The reply was a general denial. The evidence tended to show the services were rendered by defendant and another as partners. *Held,* the trial court was right in instructing the jury that the fact of the partnership did not affect the set-off; it amounted only to a defect of parties, which was waived by a failure to set it up in the replication, and the same rule applies to the evidence tending to show an assignment of the set-off.

2. **Set-Off:** POSITION OF PARTIES AS TO: PLEADING. In respect to a set-off defendant occupies the position of a plaintiff, and a plaintiff's replication is an answer to the defendant's set-off as set up by him.

3. **Pleading:** DEFECT OF PARTIES: FATAL, WHEN. If on the state of pleading in this case defendant's own testimony had shown he had assigned his claim and thereby parted with all interest therein, he would have failed to make out his case.

4. **Evidence:** VALUE OF BUSINESS BOOKS. Defendant's books were not the best evidence of the value, extent and volume of his business so as to prevent his oral testimony on the subject.

5. **Practice, Appellate:** EVIDENCE: SPECIFIC OBJECTION. On appeal the objector to the evidence is held within the limits of the objection as made and specified below.

*Appeal from the Gentry Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

AFFIRMED.

*Ed. E. Aleshire,* for appellant.

(1) The court erred in allowing defendant to testify as to the amount of law business done by him in

the state of Kansas. If admissible at all it should have been shown by the books of Harris & McCartney. The . giving by the court, of its own motion, the instruction which is as follows was error: "The court instructs the jury that, under the pleadings in this case, it makes no difference whether the services were rendered by defendant or by himself and former partner, McCartney; if they were rendered by either, the plaintiff is . liable for the services if they have not been paid for." That instructions not based upon pleadings are improper, I presume I might cite any number of cases as found in our reports, but I only note a few. *Gessley* v. *Railroad*, 26 Mo. App. 156; *Moffatt* v. *Conklin*, 35 Mo. 453; *Camp, Adm'r, v. Helan*, 43 Mo. 591; *Bank v. Murdock & Armstrong*, 62 Mo. 70; *Parker v. Marquis*, 64 Mo. 38; *Hassett v. Rust*, 64 Mo. 325; *Waddington v. Hulett*, 92 Mo. 528; *Merrett v. Poulter*, 96 Mo. 237; *Wilmott v. Railroad*, 106 Mo. 535.

*McCullough, Peery & Witten, Sam H. Benson*, for respondent.

(1) The only objection to the question asked of defendant as to the extent of his business was that the books (*i. e.*, defendant's books of account) were the . best evidence of the amount of business done by him or his firm. This objection admitted the relevancy of the testimony, and only went to its competency. It is apparent that there was nothing in the objection made, and in this court the appellant will be limited to the objection made in the trial court. *Russell v. Glasser*, 93 Mo. 360. (2) The giving of instruction number 3 by the court of its own motion was not error because none of the matters attempted to be proven by plaintiff's evidence were pleaded in its reply. *Mfg. Co. v. Ball*, 43 Mo. App. 504; *Northup v.*

*Ins. Co.* 47 Mo. 435; *Musser v. Adler,* 86 Mo. 445; *Donovan v. Railroad,* 89 Mo. 147; *Rees v. Garth,* 36 Mo. App. 641; *Guinotte v. Ridge,* 46 Mo. App. 254; *Hyde v. Hazel,* 43 Mo. App. 668; *Kersey v. Garton,* 77 Mo. 647; *Cumisky v. Williams,* 20 Mo. App. 611; *Williams v. Mellon,* 56 Mo. 263; *Hudson v. Railroad,* 101 Mo. 29; *Smith Co. v. Rembaugh,* 21 Mo. App. 390; *Mize v. Glenn,* 38 Mo. App. 98; *Ehrlich v. Ins. Co.* 103 Mo. 240. ''Where a party defendant pleads a set-off, he in effect brings an action for the amount of that set off.'' *Russell v. Owen,* 61 Mo. 186; *Brady v. Hill,* 1 Mo. 315; *Renger v. Lindenberger,* 53 Mo. 364; *Kellogg v. Malen,* 62 Mo. 429; *Rickey v. Ten Broek,* 63 Mo. 570; *Donan v. Intelligencer P. & R. Co.,* 70 Mo. 168; *Thompson v. Railroad,* 80 Mo. 521; *State ex rel. v. True,* 20 Mo. App. 176; *Turner v. Lords,* 92 Mo. 113; *Pike v. Martindale,* 91 Mo. 268; *Church v. Kellar,* 39 Mo. App. 441; *Butter v. Lawson,* 72 Mo. 247.

ELLISON, J.—Plaintiff sued defendant on a promissory note, he being surety for two others who were not sued. Judgment was given for defendant and plaintiff appeals. The controversy here is mainly over the pleadings. Defendant's answer pleaded a set-off exceeding plaintiff's demand, alleged to be due him as an attorney's fees. The reply was a general denial. There was evidence on plaintiff's part tending to show that the services for which arose the fee were rendered by defendant and one McCartney, who was his partner at the time the services were rendered. The trial court by its instruction refused to allow this to affect defendant's set-off, taking the view that such matter should have been pleaded in the reply. Was the court right? We think it was. Plaintiff owed for the services and owed defendant for them, but owed to defendant and another on account of the partnership. In other words

there was another person interested in the defendant's claim. This was a defect of parties which if it had appeared on the face of the answer would have been the subject of demurrer—not so appearing, it should have been taken advantage of by being set up in the replication. ·

In respect to this point, defendant occupies the position of a plaintiff, and plaintiff's replication is an answer to defendant's set-off as set up by him. In such case it seems clear that plaintiff's claim, that the subject-matter of the set-off was owned by another in conjunction with defendant, amounts only to a defect of parties, and should of course have been set up in the replication. ,

In *Rickey v. Ten Broek*, 63 Mo., 563, which was a suit for the purchase price of certain cattle, the evidence tended to show that other persons were part owners of the cattle with the plaintiff and the defendants sought to have that issue submitted to the jury, but the court said: "Instruction number 4, which asked the court to declare that if the jury believe the cattle were owned by others in conjunction with the plaintiffs they would find for the defendant, was properly refused. Our statute provides that when a party fails to take advantage of a defect of parties either by demurrer or answer he shall be deemed to have waived the same." By way of illustration of the rule of pleading we quote from *Musser v. Adler*, 86 Mo. 445, where it is said: "In view of this, and the state of the pleadings, we think the case should not be reversed. The character of the defense thus interposed at the close of the trial by prayers for instructions, was to admit that the services were rendered, but to avoid a recovery on the ground that they were illegal and contrary to public policy. Such a defense should be pleaded and an intelligent issue made thereon. Here it is very clear

that the question was raised incidentally, and, that too, at the close of the trial. It is not enough that evidence may appear tending to establish facts which if pleaded would defeat a recovery. , The general denial puts in issue the facts pleaded in the petition, not the liability. The facts from which the law draws the conclusion of non-liability must be pleaded in the answer when they are not stated in the petition. This defense so far as pleading is concerned is not unlike that of champerty, gaming, usury and the like. It is an affirmative defense and should be clearly and distinctly stated. This was not done, not even attempted in this case.''

Plaintiff's contention includes testimony tending to show that defendant had assigned the claim on which the set-off was founded to his partner; but we think the foregoing applies to this as well. When testimony has been introduced under such pleadings, it is allowable to withdraw it from the jury by an instruction. *Kersey v. Garton*, 77 Mo. 645; *Reynolds v. Reynolds*, 45 Mo. App. 622. We may remark, that we may not be misunderstood, that if defendant's own testimony had shown that he had assigned his claim and thereby parted with all interest therein, he would of course fail to make out his case—he would fail to sustain his own pleading. In this case the defendant denied plaintiff's contention, and for plaintiff to make an issue thereon he should have pleaded the facts.

The court permitted the defendant, for the purpose of showing the value of his services rendered to plaintiff, to state the value, extent and volume per year, of his law business at the time the services were rendered. This was objected to and the objection put upon the specific ground that such matter should be shown by the books, presumably defendant's account books, as being the best evidence. In this respect the objection was not tenable and was properly overruled. We will

only consider the point on the objection as made. The rule is on appeal to hold the objector within the limits of the objection as made and specified below. *Russell v. Glasser*, 93 Mo. 353.

We discover no error in the record and hence affirm the judgment. All concur.

ON MOTION FOR REHEARING.

ELLISON, J.—The case of *Sedgwick v. Evans*, 25 Mo. App. 388, is not opposed to what we have here said. The syllabus in that case is misleading. The evidence offered under the reply in that case was of a partnership transaction, but was a *separate* transaction. Evidence that it was another and different transaction would, of course, tend to show that it was not the transaction pleaded in the answer. *Blatz v. Lester, post* p. 283. Motion overruled.