STROTHER A. MESSERLY,* Appellant, v. EDWARD B. HULL, Respondent.

St. Louis Court of Appeals, December 18, 1894.

Practice, Appellate: INSUFFICIENCY OF ABSTRACT. When a certified copy of the judgment entry and order of appeal is filed in lieu of a complete transcript, matters of exception as distinguished from error arising upon the record proper will be reviewed, only if it appears from the abstract of the appellant that they were properly preserved in the trial court.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*In the case of *Strother A. Messerly v. W. H. Hines, garnishee, et al.,* pending in this court, judgment was affirmed pursuant to the stipulation of the parties, that this should be done in case of the affirmance of the judgment in the above entitled cause.—REPORTER.

*W. H. Clopton* for appellant.

*Campbell & Ryan* for respondent.

ROMBAUER, P. J.—This appeal is brought here under the provisions of section 2253 of the Revised Statutes of 1889 by filing a certified copy of the record entry of the judgment appealed from, together with the order granting the appeal.

The case was set for hearing October 18, 1894. On that day it was taken as submitted on briefs, with leave to appellant to file his brief within ten days thereafter, the respondent to have five days additional to reply thereto. The appellant's time was subsequently extended at his request, and his brief was not filed until December 3. The respondent promptly filed his brief in reply by December 7. Upon an examination of the record we then ascertained that no abstract of the record had ever been filed, as required by the section hereinabove mentioned, and hence there was nothing for review in this court, except errors arising on the record proper which were not claimed to exist. We called the attention of the parties to this fact, and they consented by stipulation that the facts stated in the briefs already on file might be considered by this court as an abstract of the record. An examination of such briefs, however, disclosed that no mention was made in either of them that a bill of exceptions had ever been filed in the trial court, or that an exception had been saved to any ruling of the court, which are essential requisites to give to this court jurisdiction to consider matter of exception as distinguished from error arising on the record proper, since statutory requirements in appellate procedure are not subject to waiver. *Tower v. Moore*, 52 Mo. 118; *Spurgeon v. West*, 23 Mo. App. 42; *Snyder v. Hopkins*, 39 Mo. 418; *Disse v. Frank*, 52

Mo. 551; *Giesing v. Schowengerdt*, 24 Mo. App. 554. We, therefore, gave leave to the appellant to file an abstract of the record at once, if the respondent would consent thereto. This abstract of the record has now been filed, and is certified to by the counsel for the appellant and respondents as a correct abstract of the record. The abstract thus filed does show that a bill of exceptions was filed, but it fails to show that the appellant saved any exception to any ruling of the trial court, and hence it leaves the entire matter in no better shape than it was before. *Dodd, Brown & Co. v. Wilson*, 26 Mo. App. 462; *Sawyers v. Drake*, 34 Mo. App. 472; *Morgan v. Rice*, 35 Mo. App. 591; *State v. Griffin*, 98 Mo. 672.

We have stated the facts thus in detail for the purpose of showing that we have given the appellant every opportunity to test the merits of this appeal, and for the further purpose of calling the attention of parties litigant to the importance of complying with the statutory requirements in the first instance. It results that the judgment must be affirmed. So ordered. All concur.