JEFF SEE, Respondent, v. ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, January 28, 1895.

1. **Pleading**: PETITION: VERDICT. The petition in this case, though defective, states facts sufficient to render good any verdict.

2. **Appellate Practice**: INSTRUCTIONS: EXCEPTIONS. Where exceptions are not saved to the giving and refusing of instructions, the appellate court can not review them.

3. **Evidence**: DEMURRER: ADMISSION: INSTRUCTION. Where appellant's brief contains a concession that plaintiff is entitled to recover his interest in the subject of controversy, there was no error in refusing a demurrer to the plaintiff's case.

*Appeal from the Bates Circuit Court.*—HON. JAMES H. LAY, Judge.

AFFIRMED.

*Francisco Bros.* for appellants.

(1) Petition not good. It does not allege damage to plaintiff nor the value of the wheat insured. Plaintiff's objection to any evidence was good. *Summers v.*

*Ins. Co.*, 53 Mo. App. 521; May on Insurance, see 590; *Insurance Co. v. Creten*, 98 Pa. St. 451; *Weil v. Green Co.*, 69 Mo. 281; *Peck v. Bridwell*, 6 Mo. App. 451; *Gere v. Ins. Co.*, 67 Iowa, 272; 5 Am. and Eng. Encyclopedia of Law, p. 49; *Coal Co. v. Greenwood*, 39 Cal. 71; *Swinson v. Blake*, 12 Abb. Prac. (N. Y.) 331; *Andrews v. Mainlaus*, 8 Hun (N. Y.), 65; *Perry v. Musser*, 68 Mo. 477. The court erred in admitting any evidence, as no damage was pleaded. *Brooks v. Blackwell*, 76 Mo. 309; *Hart v. Wire Co.*, 91 Mo. 414; *White v. Chaney*, 20 Mo. App. 397; *Summers v. Ins. Co.*, 53 Mo. App. 521. (2) The plaintiff could only recover the value of his interest in the property insured. *Michael v. Ins. Co.*, 17 Mo. App. 27; *Meyers v. Ins. Co.*, 68 Mo. 132; *Tyler v. Ins. Co.*, 12 Wend. 513; *Nordyke v. Gery*, 2 Am. Dec. 219. (3) Plaintiff could not recover for not signing the written statement, as that was a reasonable condition to be performed before any recovery. *Grigsby v. Ins. Co.*, 40 App. 276; *Phillips v. Ins. Co.*, 14 Mo. 220; 2 Wood on Fire Insurance, sec. 449, p. 989; *Titus v. Ins. Co.*, 9 Insurance Law J. (N. Y.), p. 664. (4) The measure of plaintiff's damage was the actual value of the plaintiff's interest in the wheat at the time it was burned, and there was no evidence of value at the trial and no allegation of value in the petition. Wood on Fire Insurance, sec. 445, p. 763; *Hetes v. Ins. Co.*, 56 American Reports, 637.

*Graves & Clark* for respondent.

(1) There was no error in overruling the demurrer to the petition. Further, the same is not assigned as error in the motion for new trial. The petition is such as was used in the case of *Steinberg v. Ins. Co.*, 49 Mo. App. 255–258. By answering after demurrer was overruled, formal defects were waived. *Nance v. Railroad,*

79 Mo. 193–196. (2) There was no error in over-ruling defendant's objection to admitting evidence under the petition. Again, no exception was saved at the time to the court's action in this regard, and the matter is not for review here. Had exceptions been saved, there is nothing in the point, no demurrer having been interposed on this ground. *Young v. Iron Co.*, 103 Mo. 327. (3) Plaintiff's petition is sufficient. The facts stated and necessarily implied are such as make a good statement. *Bowie v. Kansas City*, 51 Mo. 461; *Steinberg v. Ins. Co.*, *supra*. It is, beyond doubt, sufficient after verdict. Of this there can be no question under Missouri authorities. R. S. 1889, secs. 2113, 2114; *Jones v. Louderman*, 39 Mo. 290; *Shaler v. Van Wormer*, 33 Mo. 387; *Bowie v. Kansas City*, 51 Mo. 461; *Richardson v. Farmer*, 36 Mo. 35; *State ex rel. v. Pace*, 34 Mo. App. 463; *Jackson v. Railroad*, 80 Mo. 147–150. (4) There was no error in instruction number 2 as to the measure of damages. 1 May on Insurance, sec. 74, p. 135; *Buck v. Ins. Co.*, 1 Pet. 151–163; *Herman Berry v. Ins. Co.*, decided by Court of Appeals of N. Y. (2d Div.) March 8, 1892. Insurance Law Journal, vol. 21, p. 455. *Oil Co. v. Ins. Co.*, 106 N. Y. 541; *Ins. Co. v. Lawrence*, 2 Pet. (U. S.) 25; Bates' Insurance Decisions [3 Ed.], sec. 4, p. 349; Wood on Fire Insurance, sec. 291, p. 650; *Railroad, v. Ins. Co.*, 98 Mass. 420; Wood on Insurance [2 Ed.], sec. 299, p. 682.

ELLISON, J.—The plaintiff's case is based on a policy of insurance, insuring wheat in stacks. The petition asks, in one count, for a reformation of the policy and for a recovery on the policy as reformed. If any proper objection was made to this, it was waived by filing an answer. The admission of any evidence under the petition, was objected to for the reason that

it did not state a cause of action. The objection was overruled, and defendant saved no exception. Defendant, however, insists that if the petition fails to state a cause of action, advantage can be taken of such defect for the first time in the appellate court. This is true, but the objection to this petition can not be classed with those defects in statement which amount to a failure to state a cause of action. The defect here pointed out, is that the petition fails to allege that plaintiff was damaged, and also fails to allege the value of the wheat. The petition sets out the amount the property was sued for, and alleges that defendant promised, by the terms of the policy, to pay plaintiff, in the event the property was destroyed by fire, $300, if the property situated on the southwest quarter of the northeast quarter of section 21, township 40, range 31, and $100, if the property situated on another piece of land was destroyed. It then alleges that the property on the land described was destroyed, and that, by reason of the premises, defendant became liable to plaintiff, by the terms and conditions of the policy, in the sum of $300. The petition further alleges that plaintiff demanded of defendant the said sum of $300, which defendant refused to pay, etc. In our opinion, the petition states facts sufficient to render it good after verdict. It does not directly allege that plaintiff was damaged, but it does allege that he lost his wheat by fire. It does not allege, in terms, the value of the wheat, but it does allege that it was insured by defendant for the sum of $300, and that by its loss defendant became liable, under the terms and conditions of the policy, for that sum. It can not be said that the petition does not state a cause of action. It can, with more propriety, be said that it made a defective statement of a cause of action. The effect of our conclusion,

as to the foregoing objection, is to nullify several other objections made by defendant.

No exception was taken by the defendant to the action of the court in giving instructions for plaintiff, and none were taken to the action of the court in refusing those offered by defendant. This fact will prevent us from noticing many points of objection which were embodied in the instructions given for plaintiff.

The defendant, at the close of plaintiff's case, asked a demurrer to the testimony, which was refused, and to which action defendant excepted. The refusal was proper. For, according to the concession of the brief in behalf of defendant, plaintiff should have recovered for his interest in the wheat. Whatever sum, therefore, he may have recovered more than his interest (if any), can not now be questioned, since no exception was taken to the action of the court on instructions for plaintiff. Plaintiff being entitled to recover the amount of his interest, as stated by defendant, evidence of the whole loss was properly admitted, and any limitation of what portion could be recovered by plaintiff would arise on instructions. This question was presented in plaintiff's sixth instruction, wherein the court declared that plaintiff could recover the full amount of the loss; and in this defendant acquiesced, since it did not except.

The same may be said of the question as to plaintiff's refusal to sign the questions and answers appearing in his examination by defendant, until he could have an opportunity of advising with an attorney. This was embodied in plaintiff's instruction, numbered 2, and no exception taken. We may add, however, that the instruction was evidently correct, under the ruling in *Grigsby v. Insurance Co.*, 40 Mo. App. 276.

In the state of the record before us, there are but

two points open for consideration, though they include several minor points of objection. The first is as to the sufficiency of the petition. The second, the propriety of the court's action in refusing to declare at the close of plaintiff's case that he was not entitled to recover any amount.

A complete examination of the record shows the judgment must be affirmed. All concur.