# COURTS OF APPEALS

AT THE

### OCTOBER TERM, 1897.

*(Continued from Volume 73.)*

74    1
86    93

## T. B. HENDERSON, Respondent, v. E. G. DAVIS, Appellant.

### St. Louis Court of Appeals, March 1, 1898.

1. **Instructions.** Held, the court should have instructed the jury that if they found that the corn had not been paid for, their verdict should be for the contract price of the corn, whatever they found that to be.

2. ————: INTEREST. Interest can be collected on accounts only after demand.

3. **Pleading:** PRACTICE: PAYMENT. It is well settled that payment is an affirmative defense, and hence it can not be proved under a general denial.

4. ————: ————: OBJECTION TO VERDICT. Objection to the verdict should be raised by motion in arrest.

*Appeal from the Newton Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED AND REMANDED.

VOL. 74 app—1             (1)

Jos. French for respondent.

Under the general issue raised on the replication the plaintiff may prove any fact which goes to show that defendant never had a cause of action against him. Hoffman v. Parry, 23 Mo. 20; Young v. Glasscock, 79 Mo. 574. What may appear to be new matter may be admissible under a general denial, where the facts constituting the new matter do not confess and avoid but tend to disprove the allegations of plaintiff's petition. Turner v. Thomas, 10 Mo. App. loc. cit. 342; Hardwick v. Cox, 50 Mo. App. 509. By introducing evidence in support of affirmative defense pleaded in his answer, and submitting the same to the jury, the defendant waived whatever rights he may have had in consequence of the lack of a proper reply. Crow v. R. R., 57 Mo. App. 135; Nelson v. Wallace, 48 Mo. App. loc. cit. 199; Guinotte v. Ridge, 46 Mo. App. loc. cit. 261.

W. Cloud and R. H. Davis for appellant.

All evidence tending to show payment, compromise or settlement of defendant's counterclaims was, under the general issue, inadmissible and should have been excluded on defendant's objections. White v. Quinlan, 30 Mo. App. 54; Hyde v. Hazel, 43 Mo. App. 668. Any matter which recognizes the original contract or obligation, but which goes to defeat or avoid plaintiff's action, is new matter and must be specially pleaded. Guinotte v. Ridge, *supra*. The rule is that it is reversible error to give conflicting instructions, no matter at whose instance they are given, such instructions furnish no guide to the jury. Blurdon v. R. R., 108 Mo. 450; Frank v. R. R., 57 Mo. App. loc. cit. 186.

BIGGS, J.—The plaintiff's petition contains five counts. In the first he sues for the contract price of fifteen hundred and thirty-nine bushels of corn. It is averred that the defendant agreed to pay thirty cents per bushel for the corn. The second count is for fifty additional bushels of corn at the same price. In the third count the plaintiff claims to have sold two mules to the defendant for the sum of $130. The fourth count is to recover for three hogs of the alleged value of $19.30, which the plaintiff alleges he sold and delivered to the defendant. The fifth count is for labor performed by plaintiff for the defendant of the alleged value of $12.50.

In answer to the first and second counts the defendant admits that he received from the plaintiff nine hundred and five bushels of corn, but he avers that he agreed to pay and had paid twenty-five cents a bushel therefor. As to the fourth count he admits the purchase of the hogs, but he pleaded payment. The same plea is interposed to the fifth count. As to other matters the answer is a general denial. In addition the defendant set up in his answer five separate counterclaims or set-offs, to which the plaintiff interposed a general denial. The plaintiff introduced evidence tending to support the averments in his petition. The defendant also introduced evidence tending to sustain his answer. The jury returned the following verdict: "We the jury find for the plaintiff in the sum of $371.28 on first count of his petition; also in the sum of $17.10 on the second count in his petition; also in the sum of $138.84 on the third count in his petition; also for the sum of $20.80 on the fourth count in his petition; also for the sum of $13.35 in the fifth count of his petition." There was no finding as to defendant's counterclaims. A judgment was entered in favor

of the plaintiff for the total amount of the finding. The defendant has appealed. He complains of the instructions given for the plaintiff, the admission of irrelevant testimony offered by the plaintiff, and that the verdict of the jury was not responsive to the issues. As to the first and second counts the circuit court at the instance of the plaintiff instructed the jury as follows:

"The court instructs the jury that if you believe from the evidence that the defendant purchased corn from plaintiff during the year 1894, and the same has not been paid for by the defendant, then your verdict should be for the plaintiff on the first and second counts of the petition *in such sums as you may think the corn worth*, not exceeding four hundred and sixty one dollars and seventy cents on the first count, and not exceeding fifteen dollars on the second count, together *with interest thereon at the rate of six per cent per annum since the fall of 1894.*"

We have italicized the objectionable portions of this instruction.

The plaintiff averred and testified that he sold the corn at an agreed price, to wit, thirty cents a bushel.

The defendant testified that he only agreed to pay twenty-five cents per bushel. The court should have instructed the jury that if they found that the corn had not been paid for their verdict should be for the contract price of the corn, whatever they found that to be. It was error both under the pleadings and evidence to direct them to find the reasonable value of the corn. The court also instructed the jury to allow the plaintiff interest from the fall of 1894, whereas the uncontradicted evidence shows that payment was not demanded until March, 1896. This was error, as interest can be collected on accounts only after demand. R. S. 1889, sec. 5972. As to the amounts sued for in one or two of the defend-

INTEREST on accounts.

ant's counterclaims the plaintiff was permitted to testify that he had paid them. This was error, as the plaintiff failed in his replication to plead payment. It is well settled that payment is an affirmative defense, and hence it can not be proved under a general denial. In respect to a counterclaim or set-off, the defendant occupies the position of a plaintiff, and the plaintiff's replication is an answer to the defendant's set-off or counterclaim as set up by him. Winston v. Harris, 54 Mo. App. 156.

The jury should have made affirmative findings as to the counterclaims. R. S. 1889, sec. 2166; Hitchcock v. Baughan, 44 Mo. App. 42. If the objection to the verdict had been raised by motion in arrest OBJECTION to it would have been the duty of the trial verdict. court to set aside the judgment. Ring v. Vogel, 44 Mo. App. 111.

For the errors pointed out in the plaintiff's instruction and for the admission of the irrelevant testimony referred to, the judgment will be reversed and the cause remanded. All concur.