J. B. SICKLES SADDLERY COMPANY, Defendant in Error, v. SARAH E. BULLOCK, Plaintiff in Error.

Kansas City Court of Appeals, December 3, 1900.

1. **Appellate Practice: BILL OF EXCEPTIONS: REVIEWING INSTRUCTIONS.** Appellate courts will not review instructions unless exceptions to their giving or refusing are preserved in a proper bill of exceptions.

2. ———: ———: **RECORD PROPER: INSTRUCTION.** Section 748, Revised Statutes 1899, does not have the effect to make the instructions a part of the record proper and they must still be preserved in a bill of exceptions.

3. ———: **RECORD PROPER, WHAT IS.** The record proper includes the petition, summons, answer, subsequent pleadings, verdict and judgment.

4. **Appellate and Trial Practice: SET-OFF: AFFIRMATIVE FINDING: MOTION IN ARREST.** Section 728, Revised Statutes 1899, does not require an affirmative finding on a set-off or counterclaim, and if it did the irregularity would have to be called to the trial court's attention by motion in arrest to make it available on appeal.

Error to the Sullivan Circuit Court.—*Hon. John P. Butler*, Judge.

AFFIRMED.

*Wilson & Clapp* for plaintiff in error.

(1)   Ever since the revision of 1889, the instructions given by the court and returned by the jury with their verdict are as statute made a part of the record in every case. R. S. 1899, sec. 748.   (2)   The verdict is erroneous and defective in that it fails to make an affirmative finding on defendant's counterclaim.   R. S. 1899, sec. 726; Hitchcock v. Baughan, 44 Mo. App. 42.   The appellate court will reverse a cause for material error apparent on the face of the record, although no motion in arrest or for review is made in circuit court.   McIntire v. McIntire, 80 Mo. 470; State ex rel. v. Scott, 104 Mo. 31; Smith v. Burrus, 106 Mo. 94; Railroad v. Lewright, 113 Mo. 660; Lilly v. Menke, 126 Mo. 190.

*W. C. Irwin, Wattenbarger & Bingham* for defendant in error.

(1)   Plaintiff in error is in no position to insist on a review of the instructions given by the court in this case.   The instructions, therefore, are not before this court for review. Johnson v. Greenleaf, 73 Mo. 671; Weber v. Railway, 100 Mo. 194.   Exceptions must be taken to the ruling of the court at the time the instructions are given or refused. Rubber Co. v. Rubber Co., 74 Mo. App. 271; Griffith v. Hanks, 91 Mo. 109; Roberts v. Boulton, 56 Mo. App. 405.

(3) Defendant assigns as error the court's refusal to require the jury to pass on defendant's set off and counterclaim. This objection to the verdict should have been raised by motion in arrest in the lower court. The plaintiff in error, therefore, is not in position to complain as she now does for the first time in this court. No motion in arrest was made in the trial court. State v. Steele & McNeal, 74 Mo. App. 5; Ring v. Vogel, 44 Mo. App. 111.

SMITH, P. J.—The principal error complained of in this case arose in the progress of the trial in the giving of an instruction requested by the plaintiff. It is conceded that that there was no bill of exceptions filed preserving any exception taken to the action of the court in the giving of the defendant's instruction nor in overruling the motion for a new trial; or, indeed, as to any ruling made by the court during the progress of the trial. It has long been the well-established rule that the appellate courts will not review instructions unless exceptions to the action of the trial court in either giving or refusing them are preserved by being incorporated in a proper bill of exceptions with the exceptions taken to the action of the court in giving or refusing them. Spurgeon v. West, 23 Mo. App. 42; See v. Ins. Co., 60 Mo. App. 518; Montgomery v. Harker, 81 Mo. 63.

But it is contended by the defendant that since the adoption of section 748, Revised Statutes 1899, that instructions given on any point of law arising in a cause are made a part of the record and, therefore, in order to have them reviewed on appeal or writ of error it is not required that they be preserved by bill of exceptions. This, we think, is a misconception of the meaning of the section. Before its adoption in 1889, into our code of civil procedure, the practice prevailing in the various circuit courts of the state in respect

to allowing juries to carry the instructions to their room was not uniform.. In some of them it was allowed while in others it was disallowed, and we suppose the object of the legislature in adopting the section was to secure a uniform practice in that regard. While it is true the section provides that the instructions shall be carried by the jury to their room and returned into court at the conclusion of their deliberations and *filed by the clerk and kept as a part of the record in the case,* it does not follow that such instructions thereby become a part of the record proper along with the petition, summons, answer, reply, verdict and judgment. They are, in one sense, a part of the record just as a motion filed for a new trial or to make a pleading more definite or other paper not a pleading, but they are no part of the record proper and do not become a part of the record in the cause in an appellate sense and subject to review on appeal or writ of error unless they are not only preserved by bill of exceptions but the exceptions taken to the action of the court in the giving of them are also preserved by such bill.

It is not pretended that this section extends to refused instructions, so that if it be true that such instructions as are given become a part of the record proper then indeed has the section had the effect of introducing a strange anomaly into the hitherto well-understood practice and procedure in civil cases. If the construction of the section contended for by the defendant be the correct one then a plaintiff or defendant in prepairing his bill of exceptions, in order to secure a review of the instructions refused by the trial court, must incorporate them into a bill of exceptions with his exceptions to the action of the court in refusing them, but not so as to the instructions of his adversary, which were given by the court and which he desires to have reviewed, for they being a part of the record proper are subject to review without objection or exception having been taken thereto and pre-

served by bill of exceptions. We can not think the introduction of this section into the code was intended to or has accomplished the radical change in the practice that is claimed for it by the defendant. The record proper has always been understood to include the petition, summons, answer and subsequent pleadings, including verdict and judgment. Bateson v. Clark, 37 Mo. 31; State v. Gilmore, 110 Mo. loc. cit. 6, 7; Land Co. v. Bretz, 125 Mo. loc. cit. 423; Lilly v. Menke, 126 Mo. 190. And we must think that this is still the extent of what constitutes the record proper, and that instructions given in a cause which are not bodily incorporated in a bill of exceptions with the exceptions to the action of the court in giving the same, are no part of the record, in an appellate sense, subject to review on appeal or writ of error.

The plaintiff's suit was to recover of defendant two hundred and ten dollars for goods sold and delivered. The answer pleaded payment in full and also a set-off and counterclaim for seventeen dollars and sixty-one cents. The verdict of the jury was "for plaintiff in the sum of two hundred and ten dollars and fifty-nine cents." The defendant now claims that it thus appears that there was no affirmative finding by the jury on the defendant's set-off and counterclaim (Revised Statutes 1899, section 726), and that therefore the judgment can not be upheld. But even if the statute (section 726 *ante*), did require the jury to make, as it did not, an affirmative finding on defendant's set-off and counterclaim (Hitchcock v. Baughan, 44 Mo. App. 42), yet as defendant did not object to the irregularity of the verdict in the trial court by motion in arrest, the objection will not avail here. Henderson v. Davis, 74 Mo. App. 1; Ring v. Vogel, 44 Mo. App. 111.

It follows that the judgment of the circuit court will be affirmed. All concur.