Peters v. Edge.

HENRY PETERS, Respondent, v. W. T. EDGE et al., Appellants.

**Kansas City Court of Appeals, March 4, 1901.**

1. **Appeals: JURISDICTION: AFFIDAVIT.** Where appellant fails to file an affidavit for appeal, the appellate court acquires no jurisdiction.

2. ———: **AFFIDAVIT: JURAT.** A signed statement without a *jurat* appended is not such affidavit as the statute requires.

3. **Appellate Practice: JURISDICTION: OPINION.** Where the appellate court is without jurisdiction, it is improper for it to express an opinion on any point in the case.

Appeal from Cedar Circuit Court.—*Hon. H. C. Timmonds,* Judge.

APPEAL DISMISSED.

Peters v. Edge.

*James Masters* for appellants.

Filed brief on merits.

*Ira E. Barber* for respondent.

Filed brief on merits.

SMITH, P. J.—The plaintiff objects that this court has acquired no jurisdiction of the cause by reason of the supposed appeal taken by the defendants.

This objection we must hold is well taken. It appears from an examination of the record that the defendants failed to file, in the trial court, the affidavit for appeal required by the statute (section 808, Revised Statutes 1899), and, therefore, the order granting such appeal was ineffective to invest this court with jurisdiction of the cause. Giesing v. Schowengerdt, 24 Mo. App. 554.

It is true the defendants filed a statement with their signature thereto, but it appears that there was no jurat appended thereto, and without the latter essential the statement was not the affidavit which the statute requires shall be filed in order to authorize the granting of an appeal in any case.

And since we are wholly without jurisdiction of the cause, it is manifestly improper for us to express any opinion in respect to any point suggested by counsel relating to the merits. Accordingly, the cause will be stricken from the docket. All concur.