THOMAS H. THOMAS et al., Respondents, v. MISSOURI TOWN MUTUAL FIRE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, May 6, 1901.

1. Appeals: SUFFICIENT AFFIDAVIT: JURISDICTION.    Without a sufficient affidavit for an appeal, the appellate court acquires no jurisdiction, and an affidavit must show that the appellant and not the agent is aggrieved by the judgment.

2. ———: ———: STATUTE.    An affidavit for an appeal need not follow literally the language of the statute, but it should do so substantially.

Thomas v. Mo. Town Mutual Fire Ins. Co.

Appeal from Macon Circuit Court.—*Hon. Nat M. Shelton,* Judge.

APPEAL DISMISSED.

*W. M. Bressler, C. G. Buster* and *R. G. Mitchell* for appellant.

On the merits of said motion, the appellant says that the affidavit filed herein is sufficient. In construing an affidavit the court ought to follow the rule laid down for the construction of the statutes. R. S. 1899, sec. 4158; DeBolt v. Railroad, 123 Mo. 496 loc. cit. 501, 513; Melcher v. Scruggs, 72 Mo. 406; Ring v. Paint & Glass Co., 46 Mo. App. 374.

*T. E. Francis, Joseph Park* and *Bert D. Nortoni* for respondents.

(1) This affidavit is fatally defective, in that it fails to show that the appellant, The Missouri Town Mutual Fire Ins. Co., is, or that the affiant believes the appellant is, aggrieved by the judgment or decision of the court. 3 Blackstone Com. 402; 1 Am. and Eng. Ency. of Law, sec. 616; 2 Ency. Pl. and Pr., p. 15; State ex rel. Woodson, 128 Mo. 497.; Cissell v. Cissell, 77 Mo. 371; Whitehead v. Cole, 49 Mo. App. 428; Green v. Castello, 35 Mo. App. 127; Hardaway v. Biles, 1 Smed. & M. (Miss.), 657; Porter v. Grisham, 3 Howard (Miss.), 75; State v. Newman, 24 Fla. 33; Emerson v. Clark, 3 Ill. 489; Sholty v. McIntyre, 136 Ill. 35; 2 Ency. Pl. and Practice, 234; 1 Am. and Eng. Ency. of Law, 616; Myers v. Woolfolk, 3 Mo. 348.

BROADDUS, J.—The finding and judgment

the plaintiff, from which defendant appealed. Since the filing of the case here the plaintiff has moved to dismiss the appeal on the ground that the affidavit for appeal is not sufficient to give the court jurisdiction. The appellant contends that this motion can not now be considered because it was not filed in time, and because appellant was not notified by the respondent of the filing of the same. But as the motion raises the question of jurisdiction, which is always in order, we must first decide that question; for unless the affidavit for appeal is sufficient there is no case here for our determination. The affidavit reads as follows:

"W. M. Bressler, the defendant's agent, on his oath says that the appeal prayed for by him is not made for vexation or delay, but because he considers himself aggrieved by the judgment and decision of the court."

Appellant claims that under the ruling of the Supreme Court in DeBolt v. Railway, 123 Mo. 496, the affidavit was sufficient. The only defect in that case was that the plaintiff stated: "She considers herself aggrieved" instead of using the language of the statute, "believes," which the court held to be sufficient.

While the word "considers" in the case at bar was used, the affiant did not connect the word with the appellant, but stated that he considered "himself aggrieved by the judgment and decision of the court." And further, he does not pray for the appeal on behalf of his principal, but as "prayed for by him." It is true that he states that he is agent for the defendant, but he does not ask for anything in behalf of his principal, but for himself alone. It is the appellant that must be aggrieved and not the agent. We have no doubt but what e agent and attorney who made the affidavit felt aggrieved e action of the court; but it is possible the appellant may t differently.

It is a well-known fact that some times the client differs with his attorney as to the expediency of adopting a certain course in a case. In order to give this court jurisdiction by appeal, the statute requires the party appealing or his agent to make an affidavit to the effect: "that such appeal is not made for vexation or delay, but because the affiant believes that the *appellant* is aggrieved by the judgment or decision of the court." It is not necessary that the affidavit should follow literally the language of the statute, but it must be substantially such an affidavit as the same requires. Manion v. State, 11 Mo. 578; DeBolt v. Railroad, supra. It has been held that appeals in civil cases are regulated entirely by statute, and that provisions regulating them must be strictly pursued. State ex rel. v. Woodson, 128 Mo. 497. But all the authorities agree that there must be a substantial compliance with the statute. The right of appeal is not a common-law right, but is a matter of statute, and such being the case it is imperative that the manner for taking appeals should be followed as to all essentials. The affidavit in this case is in no sense a statutory affidavit.

Appeal dismissed. All concur.