P. R. SCHNABEL, Respondent, v. JOHN W. THOMAS, Appellant.

**Kansas City Court of Appeals, February 10, 1902.**

**Appeals: AFFIDAVIT.** An affidavit alleging that the agent making it is aggrieved and not the appellant, is not merely a defective affidavit but is not an affidavit at all, except in name.

Appeal from Pettis Circuit Court.—*Hon. Geo. F. Longan,* Judge.

AFFIRMED.

*Allen & Chapman, Bente & Wilson* and *G. W. Barnett* for appellant.

Filed brief and argument on merits.

*W. D. Steele* for respondent.

(1)    The appeal should be dismissed because no such affidavit for appeal, as the law requires, was filed in this cause. And this court has no jurisdiction to hear the cause. Thomas v. Fire Ins. Co., 89 Mo. App. 12; Clelland & Co. v. Shaw, 51 Mo. 440; Sec. 808, R. S. 1899.

BROADDUS, J.—Respondent has moved to dismiss this cause for the reason that the affidavit for appeal does not comply with section 808, Revised Statutes 1899. The affidavit, omitting the caption, is as follows:

"H. K. Bente, agent and attorney for John W. Thomas, the defendant in the above cause, being duly sworn upon his

oath says: that the appeal prayed for by him is not made for vexation or delay, but because he considers himself aggrieved by the judgment and decision of the court. H. K. Bente, being duly sworn upon his oath states, that the facts set forth in the above and foregoing affidavit are true and that he makes this affidavit for and on behalf of the defendant. (Signed) H. K. Bente, affiant. Subscribed and sworn to before me this twenty-ninth day of March, 1901. (Signed) C. L. Nelson, notary public."

It nowhere appears in said affidavit that the affiant "belives that the appellant is aggrieved by the judgment or decision of the court," as required by said section 808, supra, but the affiant, the agent says that he "considers himself aggrieved." But as he is not the party appealing, it is immaterial what he "considers." It is a double kind of an affidavit. In the latter part, he says he makes the affidavit for and on behalf of the defendant, but this statement does not cure the defect pointed out.

This affidavit is something worse than a defective affidavit. Substantially, it is not an affidavit for an appeal, except in name. In the first place, the affiant prays for the appeal not for the appellant but for himself, and because he "considers himself aggrieved." The statute requiring the form of the affidavit of the appellant, or some one for him, meant something; but if affidavits of the kind under consideration are to be upheld, we can not see that it has any utility whatever. Thomas v. Ins. Co., 89 Mo. App. 12; Clelland v. Shaw, 51 Mo. 440.

For the reasons given the cause is affirmed. All concur.