**UNITED IRON WORKS COMPANY, Respondent, v. SAND RIDGE LEAD AND ZINC COMPANY, Appellant.**

**St. Louis Court of Appeals, May 28, 1907.**

1. **JURISDICTION: Affidavit for Appeal: Waiver.** A motion which raises the question of jurisdiction of the court and its power to proceed may be filed at any time irrespective of the stage of the proceeding; a motion to dismiss an appeal for insufficient affidavit may be filed in the appellate court after the submission of the cause on brief; a sufficient affidavit for appeal is necessary to confer jurisdiction on the appellate court.

Iron Works Co. v. Lead & Zinc Co.

2. ———: ———. Where the president of a corporation in an affidavit for appeal by such corporation alleged that the appellant (not the corporation) "considered himself aggrieved by the judgment," the affidavit was not in form prescribed by statute and was insufficient to confer jurisdiction upon the Court of Appeals.

Appeal from Greene Circuit Court.—*Hon. Jas. T. Neville,* Judge.

APPEAL DISMISSED.

*Watson & Jones* for appellants.

An affidavit made by the president, secretary, or other proper officer or agent of the corporation, when the corporation is a party to the suit, is in legal contemplation, an affidavit made by the corporation. Trans. Co. v. Baldwin, 14 N. J. L. 440; Ex parte Sargeant, 17 Vt. 426; 10 Cyclopedia of Law and Procedure, 904.

*Woodruff & Mann* for respondent.

BLAND, P. J.—After the cause was submitted by both parties on briefs, respondent filed its motion to dismiss the appeal for the reason the affidavit for the appeal is insufficient to confer jurisdiction upon this court to pass upon the merits of the cause. Appellant, in opposition to the motion, contends that it should have been filed and presented before the briefs were filed and the cause submitted, and that the court should not now entertain the motion.

The proceedings in a lawsuit advance step by step to a final end. The steps should be regular and according to some system, and when a party to the suit is entitled to file a motion or particular pleading, but instead of doing so takes a step or files another pleading, in advance of the order of the proceedings, when the motion should have been filed, he will generally be deemed to have waived the defect in procedure or plead-

ing, to which he should have called the attention of the court by motion; but when the motion raises the question of the jurisdiction of the court and its power to proceed, the court is bound to consider the motion, irrespective of the stage in the proceedings when the motion is filed, for the reason the question of jurisdiction of the subject-matter cannot be waived or acquired by consent of parties.

In State ex rel. v. Woodson, 128 Mo. l. c. 514-5, 31 S. W. 105, it is said: "The right of appeal in civil actions was unknown to the common law; it is regulated wholly by statute. [3 Black., Com., 402.] It had its origin in the civil law. [1 Am. and Eng. Encyclopedia of Law, 616.] Being statutory in its origin, it is essential to the exercise of the right that the statute be strictly pursued."

In Railroad v. Powell, 104 Mo. App. l. c. 367, 80 S. W. 336, REYBURN, J., speaking for this court, said: "In appeals from one court to another, it is essential to the jurisdiction of the appellate tribunal, that the appeal was perfected in the manner prescribed by law, and unless so taken, the appellate court has no jurisdiction to proceed to an examination of the merits." This case was approvingly cited and followed in O'Bannon v. Railway, 106 Mo. App. l. c. 320. The same ruling was made in Green v. Castello, Admr., 35 Mo. App. 127. See also State ex rel. Wooldridge v. Keuchler, 83 Mo. 193; Peters v. Edge, 87 Mo. App. 283; Giesing v. Schowengerdt, 24 Mo. App. 554.

In St. Louis Bridge & Construction Co. v. Memphis, Carthage & Northwestern R. R. Co., 72 Mo. l. c. 668, the court said: "We will not, after a submission of the cause on its merits, go behind the order granting the appeal, to determine the sufficiency of the affidavit on which it was made, or whether any affidavit whatever was filed." This ruling is out of line with all later decisions on the same subject and is in the teeth of the

statute (sec. 808, R. S. 1899) which provides: "No such appeal shall be allowed unless: . . . second, the appellant or his agent shall, during the same term, file in the court his affidavit, stating," etc., and cannot be followed.

The affidavit for the appeal is as follows (omitting caption) :

"McLain Jones, president of the defendant corporation in the above entitled cause, being sworn, upon his oath says: that the appeal prayed for by him is not made for vexation and delay, but because he considered himself aggrieved by the judgment and decision of this court.

> "McLAIN JONES,
> "President of the Sand Ridge
> > Lead & Zinc Co.

"Subscribed and sworn to before me this first day of July, 1905.

> T. A. NICHOLSON, Clerk.

"By J. L. VESTAL, Deputy."

It was competent for Jones, president of the appellant corporation, to make the affidavit for the appeal, and had he made it for the appellant instead of for himself it would have been sufficient. In the form as made, the affidavit is not the affidavit of the appellant but of Jones, its agent, who considered himself, not the appellant, aggrieved. Affidavits in practically the same form were declared worse than defective and no affidavits at all in Thomas v. Mo. Town Mut. Fire Ins. Co., 89 Mo. App. 12, and Schnabel v. Thomas, 92 Mo. App. 180.

We conclude that the affidavit for appeal is insufficient to confer jurisdiction of the court over the subject-matter and dismiss the appeal. All concur.