# CASES DETERMINED

IN THE

# SUPREME COURT

OF THE

## STATE OF MISSOURI

AT THE

### OCTOBER TERM, 1907.

---

*(Continued from Volume 209)*

---

STATE ex rel. TITLE GUARANTY & TRUST COMPANY v. BROADDUS et al., Judges Kansas City Court of Appeals.

In Banc, February 27, 1908.

1. **APPEALS: Order Granting: Jurisdiction: Affidavit.** An order of the trial court granting an appeal to the Kansas City Court of Appeals, does not of itself confer jurisdiction upon the Court of Appeals, in a case otherwise appealable to that court. There must also be a sufficient affidavit to support the appeal.

2. **———: Affidavit: Clerical Error: Jurisdiction.** The affidavit in support of the appeal need not follow literally the language of the statute, but a substantial compliance therewith will suffice. The suit was by a bank against a trust company, and the affidavit, properly captioned, was made by "the agent and attorney for defendant in the above-entitled cause," who, "being sworn, upon his oath says that the appeal prayed for by *him* is not made for vexation or delay, but because he considers *himself* aggrieved by the judgment and decision of the court." *Held*, that the defects complained of, the use of "him"

(1)

and "himself" instead of "it" and "itself," were clerical errors, which did not mislead or in any way prejudice the rights of respondent, and the affidavit was sufficient to confer jurisdiction on the Court of Appeals, to which court the case was properly appealable.

·3. ———: ———: Objections in Trial Court. In all fairness to the trial court and to appellant, objections to the sufficiency of the affidavit for an appeal should be made in the trial court.

4. ———: Jurisdiction: Mandamus to Hear: Affidavit. Where the affidavit was sufficient to give the Court of Appeals jurisdiction of the cause and that court has dismissed the appeal, or affirmed the judgment, upon motion, without a hearing on the merits, on the ground that the affidavit was insufficient, the Supreme Court by mandamus will compel the Court of Appeals to reinstate the appeal and hear and determine the cause.

## Mandamus.

PEREMPTORY WRIT AWARDED.

*Thos. H. Sprinkle* and *Edward J. O'Brien* for relator.

(1) If the order dismissing relator's appeal for want of jurisdiction by the Kansas City Court of Appeals because of the error in the affidavit for appeal herein before the Dade Circuit Court, was erroneous, then mandamus will lie. Const., art. 6, sec. 3; State ex rel. v. Philips, 97 Mo. 331; State ex rel. v. Laughlin, 75 Mo. 366; State ex rel. v. Smith, 172 Mo. 446; State ex rel. v. Smith, 172 Mo. 618; State ex rel. v. Gibson, 184 Mo. 507; State ex rel. v. Broaddus, 105 S. W. 629; 13 Ency. Pl. & Pr., 537; Elliott on App. Proc., sec. 514; sec. 871, R. S. 1899. (2) The allowance of the appeal by the circuit court in session during the term at which the judgment therein—sought to be appealed from—was rendered constituted a valid appeal, of which the appellee was bound to take notice, because the order allowing the appeal has the effect of transferring the jurisdiction of the case to the appellate

court and continues it therein on appeal.   State ex rel. v. Gates, 143 Mo. 63; Macklin v. Allenberg, 100 Mo. 343; secs. 806, 808, 809, 810, 812, and 813, R. S. 1899; Haven v. Railroad, 155 Mo. 226; Cooley v. Railroad, 149 Mo. 492; St. Louis Bridge Co. v. Railroad, 72 Mo. 664; Harrison v. Lakenan, 189 Mo. 581; Woods v. Railroad, 188 Mo. 229; DeBolt v. Railroad, 123 Mo. 496; Edmonston v. Bloomshire, 7 Wall. (U. S.) 307; Railroad v. Blair, 100 U. S. 661; Peugh v. Davis, 110 U. S. 227; Dodge v. Knowles, 114 U. S. 430; Hewitt v. Filbert, 116 U. S. 142.   The order allowing the appeal herein is the criterion of jurisdiction, and not the affidavit for appeal; the latter is amendable.   Crum v. Elliston, 33 Mo. App. 591; Bergesch v. Keevil, 19 Mo. 127; Launius v. Cole, 51 Mo. 147; Morquey v. Birkhead, 34 Mo. 214; Manion v. State, 11 Mo. 578; Melcher v. Scruggs, 72 Mo. 406; Barker v. Collins, 3 Mo. 315.   (3)   The judicial order properly made allowing the appeal is not and cannot be compared to the affidavit which precedes it, inasmuch as the affidavit is the mere act of the individual litigants or their agent acting for them therein, whilst the order is in the nature of the act of the sovereign judicially determined, and when the effect of such order or affidavit is to determine judicial right, then there can be no comparison between the two things.   The order dismissing the appeal in this case being virtually an affirmance of the judgment in the court below, because of an imperfection in the affidavit, ignores the order of appeal.   Harrison v. Lakenan, 189 Mo. 581; Woods v. Railroad, 188 Mo. 229; State ex rel. v. Gates, 143 Mo. 63; Cooley v. Railroad, 149 Mo. 492; Edmondston v. Bloomshire, supra; Railroad v. Blair, 100 U. S. 661; Peugh v. Davis, 110 U. S. 227; Dodge v. Knowles, 114 U. S. 430; Perkins v. Mason, 105 Mo. App. 317.   (4)   The respondent before the Court of Appeals duly appeared to the March term, 1907, at which term the appeal was returnable, and duly dock-

eted for hearing therein on April 3, 1907, whereupon the appellant and appellee stipulated in writing filed in said Court of Appeals that the said cause be continued over that term and to the October term, 1907, of said Court of Appeals. Therefore, as the appellee therein appeared in the appellate tribunal generally, the same constituted an entry of appearance and waived any jurisdictional defect, such as is here insisted on, and it is estopped from taking any advantage thereof, as a continuance of a case by agreement of parties is tantamount to a general appearance and waives jurisdiction. Baisley v. Baisley, 113 Mo. 544; Bohn v. Devlin, 28 Mo. 319; Higgins v. Beckwith, 102 Mo. 464; Peters v. Railroad, 59 Mo. 406; Cooley v. Railroad, 149 Mo. 491; Auspach v. Ferguson, 71 Iowa 144; Wilgus v. Gettings, 19 Iowa 82; Roundy v. Kent, 75 Iowa 662; Hanson v. Hoitt, 14 N. H. 56; Fitzpatrick v. Cottingham, 14 Wis. 219; Bombeck v. Bombeck, 18 Mo. App. 26; St. Louis Bridge Co. v. Railroad, 72 Mo. 668; Wilson v. Kelly, 81 Pa. St. 411; Coby v. Halthusen, 16 Col. 10; Robertson v. O'Rielly, 14 Col. 441.

*Edw. J. White* and *Edgar P. Mann* for respondents.

(1) Mandamus will not lie to compel a subordinate court to reinstate an appeal which it has dismissed after full and fair consideration of the record. State ex rel. v. Smith, 105 Mo. 6; State ex rel. v. Neville, 110 Mo. 348; State ex rel. v. St. Louis Court of Appeals, 87 Mo. 374; High, Extra. Leg. Rem. (2 Ed.), 191-247; Ex parte Newman, 14 Wall. 152; Ex parte Brown, 116 U. S. 401; State ex rel. v. Wright, 4 Nev. 119; People ex rel. v. Weston, 28 Cal. 639; Francisco v. Ins. Co., 36 Cal. 283; Wells v. Stackhouse, 2 Harr. (N. J.) 355; Swinickson v. Corwin, 2 Dutch. 311; People v. Judges, 20 Wend. 658; Coheen v. Myers, 11 B. Mon. 423. (2) The affidavit for appeal signed by Thomas H. Sprinkle

was insufficient to confer jurisdiction of the appeal on the Kansas City Court of Appeals. Thomas v. Ins. Co., 89 Mo. App. 12; Schnabel v. Thomas, 92 Mo. App. 180; United Iron Works Co. v. Lead & Zinc Co., 102 S. W. 1104; Railroad v. Powell, 104 Mo. App. 362. (3) A failure to comply with any of the statutory conditions governing appeals will render an appeal inoperative, as the right of appeal did not exist at common law. Robinson v. Walker, 45 Mo. 117; St. Louis v. Gunning Company, 138 Mo. 347; Green v. Castello, 35 Mo. App. 127; James v. Robinson, 1 Mo. 595; Bernecker v. Miller, 37 Mo. 498; McClelland v. Shaw, 51 Mo. 440; Thomas v. Finley, 3 Mo. 288; State ex rel. v. Kenchler, 83 Mo. 193; Lengle v. Smith, 48 Mo. 276; Stavely v. Kunkel, 27 Mo. 422; Gill v. Scruggs, 79 Mo. 187; State v. Rhodes, 86 Mo. 635; Guy v. May, 141 Mo. 441; Allen v. Britton, 141 Mo. 173; Long v. Hawkins, 178 Mo. 103; Lindsay v. Thomas, 10 Ohio St. 452; Luther v. Edgerton, 90 Cow. 227; Ex parte Shethar, 4 Cow. 540; Clark v. Conn., 1 Munf. 160; Gibson v. Lynch, 1 Munf. 495; Moore v. Winkler, 3 Mo. App. 596. (4) "The respondent cannot waive the question of defective affidavit for appeal, or estop himself to urge its insufficiency by appearing in the appellate court and consenting to a continuance." Railroad v. Powell, 104 Mo. App. 362. (5) Nor can the statutory essentials governing appeals be waived in any case, for the reason that jurisdiction of the subject-matter cannot be affected by the acts of the parties litigant. State ex rel. v. Woodson, 128 Mo. 514; Peters v. Edge, 87 Mo. App. 283; Sehested v. Kansas City, 68 S. W. 1068; Thomas v. Finley, 3 Mo. 288; Railroad v. Powell, 104 Mo. App. 362; Giesing v. Schowengerdt, 24 Mo. App. 554. (6) The alternative writ on its face shows that there was not sufficient ground for this court, as a court of equity, to grant the relator the relief prayed for, as there is no showing that its counsel, Thomas H. Sprinkle, was un-

State ex rel. v. Broaddus.

able to read the affidavit filed in the trial court, and his own brief and argument admit that it was his inadvertence and no act of the trial court or its officers or opposing counsel that caused him to fail to comply with the statutory prerequisites governing the appeal of the relator. Harding v. Bedoll, 202 Mo. 629.

BURGESS, J.—This is a proceeding by mandamus to require the judges of the Kansas City Court of Appeals to set aside its order dismissing an appeal in the case of the Farmers' State Bank of South Greenfield against the Title Guaranty & Trust Company of Scranton, Pennsylvania, pending in said court, to reinstate said cause, and proceed to hear and determine the same.

The following is a brief summary of the facts:

On July 18, 1906, in the circuit court of Dade county, the Farmers' State Bank of South Greenfield, Missouri, was awarded judgment for $1,898.85 against the Title Guaranty & Trust Company of Scranton, the relator in this proceeding. On the same day, after unavailing motions for a new trial and in arrest of judgment, the relator filed its affidavit praying an appeal to the Kansas City Court of Appeals, which affidavit, omitting caption, reads as follows:

"Thos. H. Sprinkle, the agent and attorney for defendant in the above-entitled cause, being sworn upon his oath, says that the appeal prayed for by him is not made for vexation or delay, but because he considers himself aggrieved by the judgment and decision of the court.

"Thos. H. Sprinkle.
"Agent and Attorney.

"Subscribed and sworn to before me this 18th day of July, A. D. 1906.

"C. A. Ketchum, clerk,
"By John A. Davis, D. C."

Thereupon, the circuit court made the following order granting the appeal:

"Now, at this day, the affidavit and application for appeal coming on to be heard, the court having seen, heard and fully understood all the matters and things contained in said application, the same is by the court granted to the Kansas City Court of Appeals."

Thereafter, on September 6, 1906, the relator, as appellant in said cause, in lieu of a complete transcript, caused a certified copy of the record entry of the judgment appealed from, together with the order granting the appeal, to be filed in the Kansas City Court of Appeals, and filed in said court an abstract in lieu of a complete transcript in said cause.

Thereafter, on February 14, 1907, counsel for the parties filed a stipulation agreeing that the cause, on account of the fact that the bill of exceptions was necessarily filed too late to properly brief and prepare the case for argument, be continued to the October term, 1907, of said appellate court, whereupon the court made an order continuing the cause to said October term.

On October 2, 1907, the attorneys for respondent in said cause filed a motion to dismiss the appeal, as follows:

"Comes now the respondent in the above-entitled cause and moves the court to dismiss the appeal of appellant in this court, and as grounds for said motion respondent respectfully presents to the court that appellant's affidavit for an appeal filed in this court, on which the appeal of appellant was allowed, is, as shown in the additional abstract of the record herewith filed, in the following form: [Reciting said affidavit.]

"That said affidavit for appeal is insufficient to confer jurisdiction of this court over the subject-matter involved in the said cause of action, and this court is therefore wholly without jurisdiction of said appeal."

Thereafter, on October 7, 1907, the court sustained

said motion and made the following order dismissing the appeal:

"Now, at this day comes the said respondent by attorney, and upon its motion, it is considered and adjudged by the court that the appeal herein be and the same is hereby dismissed, and that the said respondent recover against the said appellant costs and charges herein expended, and have therefor execution."

Relator filed its motion for a re-hearing on the following grounds: (1), surprise; (2), estoppel; (3), that the error ascribed to the affidavit for appeal is clerical only; (4), that the error itself is that of the clerk of the court below in printing the word "himself" without any warrant in reason, and misleading the latter thereby; (5), that in the interest of common justice the appellant should not be amerced in a large amount, without any fault on its part, and denied its day in court. The motion further showed that relator had made efforts, prior to October 20, 1907, to have the affidavit for appeal amended in the trial court, but without success.

On November 4, 1907, the Court of Appeals overruled said motion for re-hearing, and refused to take jurisdiction of the appeal.

Thereafter, on the 16th day of November, 1907, relator sued out from this court a preliminary writ of mandamus directed to the respondents, Elbridge J. Broaddus, James Ellison and James M. Johnson, judges of the Kansas City Court of Appeals, commanding them, immediately upon receipt of said writ, to proceed to hear the appeal in the cause wherein the Farmers' State Bank of South Greenfield is respondent and the Title Guaranty & Trust Company of Scranton, Pennsylvania, is appellant, being case No. 8008 of said Court of Appeals, as docketed for the October term, 1907, thereof, according to the true intent and meaning of said appeal so taken by the relator herein, or that

they appear before our Supreme Court, In Banc, on or before the 2nd day of December, 1907, and show cause for their refusal so to do.

Respondents' return, in substance, stated that, prior to the issuance of said writ, respondents had rendered a decision based upon a full and complete consideration of the record in the cause before them on appeal, entitled Farmers' State Bank of South Greenfield against the relator; that, acting in their judicial capacity in the premises, respondents had complete power and authority in determining the question of jurisdiction, or the right of the relator to be heard upon its said appeal before them; that the Supreme Court is without authority of law, by extraordinary writ or rule, to compel the respondents to proceed to afford relator a hearing upon the merits of its appeal in said appealed cause; that respondents rendered the only judgment which could have been rendered upon the subject-matter submitted for their consideration in said appealed cause.

Relator's replication to respondents' return specifically denied the said statements and propositions of said return to the alternative writ.

It is contended by relator that if the order dismissing its appeal, for want of jurisdiction, by the Kansas City Court of Appeals, because of the error in the affidavit for the appeal before the Dade Circuit Court, was erroneous, then mandamus will lie. On the other hand, the respondents maintain that mandamus will not lie to compel a subordinate court to reinstate an appeal which it has dismissed, after full and fair consideration of the record, as was done by said Court of Appeals in the case of the Farmers' State Bank of South Greenfield against the Title Guaranty & Trust Company of Scranton, Pennsylvania.

While there are many authorities cited by respondents which sustain their contention, it was held by this

court, in the case of State ex rel. v. Smith, 172 Mo. 446, that the Court of Appeals having improvidently dismissed a case appealed to it, and of which it had jurisdiction, the Supreme Court would compel it, by mandamus, to exercise its jurisdiction to hear and determine the case. In that case the appeal was dismissed because of an imperfect abstract filed by the appellant therein. A parallel case was that of State ex rel. v. Smith, 172 Mo. 618, in which the former case was followed and approved. These cases are based upon the theory that, by dismissing the appeal, the Court of Appeals simply refused to exercise jurisdiction of an appeal of which it clearly had jurisdiction.

In the case under consideration quite a different question is presented. The question here is whether the Kansas City Court of Appeals had jurisdiction of the appeal. This is denied in the return to the original writ, in which it is affirmed that said court had jurisdiction of the appeal at the time of its dismissal.

It is argued by relator that the allowing of the appeal by the circuit court, in session during the term at which the judgment sought to be appealed from was rendered, constituted a valid appeal, of which the appellee was bound to take notice, because, as contended, the order allowing the appeal had the effect of transferring the jurisdiction of the case to the appellate court. But to the position that the order granting the appeal, in the absence of an affidavit therefor, confers jurisdiction upon the appellate court, we cannot assent.

By the provisions of section 806, Revised Statutes 1899, "any party to a suit aggrieved by any judgment of any circuit court in any civil cause from which an appeal is not prohibited by the Constitution, may take his appeal to a court having appellate jurisdiction." Section 808 provides that "no such appeal shall be allowed unless: First, it be made during the term at which

the judgment or decision appealed from was rendered; and, second, the appellant or his agent shall, during the same term, file in the court his affidavit, stating that such appeal is not made for vexation or delay, but because the affiant believes that the appellant is aggrieved by the judgment or decision of the court.'' Under this section of the statute, it is plain that the filing of the affidavit for appeal in the court during the same term is absolutely necessary in order to give force and effect to the appeal.

It will be noted that the affidavit in the case is not in strict compliance with the statute, in that it uses the word ''himself'' instead of the word ''appellant,'' and states that the appeal prayed for by *him* is not made for vexation or delay, but because *he* considers *himself* aggrieved by the judgment of the court.

In Thomas v. Mo. Town Mutual Fire Ins. Co., 89 Mo. App. 12, it was held that without a sufficient affidavit for an appeal, the appellate court acquires no jurisdiction, and that the affidavit must show that the appellant, and not the agent, is aggrieved by the judgment.

In Schnabel v. Thomas, 92 Mo. App. 180, the same court held that an affidavit alleging that the agent making it is aggrieved, and not the appellant, is not merely a defective affidavit, but is not an affidavit at all except in name.

In Railroad v. Powell, 104 Mo. App. 362, it is held that the right of appeal being purely statutory, a substantial, if not a literal, compliance with the statutory requirements in that respect is necessary to confer jurisdiction upon an appellate court, and that an affidavit for appeal which omits the statement of affiant's belief ''that the appellant is aggrieved by the judgment of the court'' is deficient in statutory recitals, and cannot give the appellate court jurisdiction of the cause; further, that the appellate court has no power to make an order allowing the amendment of a defective affidavit

for appeal, or for the substitution of a new affidavit which will conform to the statute.

Again, in the case of United Iron Works Co. v. Sand Ridge Lead & Zinc Co., 126 Mo. App. 238, it is held by the St. Louis Court of Appeals that an affidavit for appeal from a judgment against a corporation, made by its president, which recites that he is the president and that the appeal prayed for by him is not made for vexation or delay, but because he consiaders himself aggrieved by the judgment, is insufficient to confer jurisdiction on the appellate court under section 808, Revised Statutes 1899, providing that no appeal shall be allowed unless appellant or his agent shall file his affidavit, etc., and that the court must consider a motion to dismiss an appeal for want of jurisdiction because of the insufficiency of the affidavit, though the motion be not made until after the submission of the cause by both parties upon brief, jurisdiction not being acquired by consent. The court quotes from the case of State ex rel. v. Woodson, 128 Mo. 497, the following: "The right of appeal in civil actions was unknown to the common law; it is regulated wholly by statute. [3 Black. Com., 402.] It had its origin in the civil law. [1 Am. and Eng. Ency. Law, 616.] Being statutory in its origin, it is essential to the exercise of the right that the statute be strictly pursued."

In support of relator's contention that the order allowing the appeal conferred jurisdiction upon the Court of Appeals, relator cites a large number of decisions of this court and of the Supreme Court of the United States. But, as we have already ruled that the order granting the appeal did not of itself confer jurisdiction upon the Court of Appeals, we will only consider such of our own rulings as seem to bear upon the sufficiency of the affidavit in question to confer jurisdiction of the case upon the appellate court.

In St. Louis Bridge & Construction Co. v. Rail-

road, 72 Mo. 664, after the submission of the cause upon its merits, the point was made by the respondent that no sufficient affidavit for an appeal was made in the trial court. The affidavit, instead of stating that "affiant believes that the appellant is aggrieved by the judgment," says "that plaintiff feels aggrieved," etc. It was held that if the affidavit was not such as to warrant the order granting the appeal, the point should have been made by motion to dismiss the appeal before the cause was submitted, and that the court would not thereafter go behind the order granting the appeal to determine the sufficiency of the affidavit on which it was made, or whether any affidavit whatever was filed.

State ex rel. Patton v. Gates, 143 Mo. 63, was an appeal without bond from an order granting a new trial, and the question was whether said order stayed the trial of the cause in the circuit court, pending such appeal in the Supreme Court. It was held that the effect of the order of the court allowing the appeal was to transfer the jurisdiction of the cause to the appellate court, and to suspend the exercise of all further judicial functions in the case by the trial court, whether a bond were filed or not, the only purpose of the bond being to suspend execution on the judgment below pending the appeal. In that case it is expressly stated that the appeal was in due form, and that the only condition required for granting such appeals is that application therefor shall be made during the term at which the judgment is rendered, and that the appellant or his agent, during said term, file in the court an affidavit stating that such appeal is not made for vexation or delay, but because the affiant believes that the appellant is aggrieved by the judgment of the court; that thereupon it becomes the duty of the court to make an order allowing the appeal as required by the statutes, and that the effect of the order is to transfer the jurisdiction of the cause from the circuit to the appellate

court.    No objection whatever was made to the affidavit for appeal in that case.

In Cooley v. Railroad, 149 Mo. 487, it was held that under section 2114, Revised Statutes 1889 (sec. 673, R. S. 1899), a jurat omitted from the affidavit upon which the appeal is granted may be supplied by leave of either the appellate or the trial court, upon a showing that the affidavit had been properly signed and sworn to. It was also held, following St. Louis Bridge Con. Co. v. Railroad, supra, that if an affidavit is not such as to warrant an order granting an appeal, the proper procedure is to move to dismiss the appeal before the case is submitted, and that an objection to the sufficiency of the affidavit will not be considered after the case has been submitted on its merits.

Haven v. Railroad, 155 Mo. 216, simply affirms what was said in State ex rel. Patton v. Gates, supra, to the effect that an order granting an appeal had the effect of transferring the jurisdiction of the case from the circuit to the appellate court; which, of course, presupposes that the appeal is regularly taken and the proper affidavit therefor filed.

In the case of DeBolt v. Railroad, 123 Mo. 496, it is held that an affidavit for appeal made by the agent of the appellant which states that the appeal prayed for is not made for vexation or delay, but because appellant considers himself aggrieved by the judgment and decision of the court, is substantially sufficient under section 2248, Revised Statutes 1889. The court said: "Objection is made in this court to the sufficiency of the affidavit for appeal. While open to criticism, we think it substantially sufficient. No point was made against it in the trial court, and the objection here would not justify a dismissal of the appeal."

The records of this court disclose that in the case of Woods v. Railroad, 188 Mo. 229, a motion was made

to dismiss the appeal, upon the ground of the insufficiency of the affidavit, which affidavit was as follows: "Sam Sparrow, attorney for and agent of the Wabash Railroad Co., the defendant in the above-entitled cause, being sworn, upon his oath says that the appeal prayed for by him is not made for vexation or delay, but because he considers himself aggrieved by the judgment and decision of the court." The motion was overruled, and a motion to supply affidavit was also overruled. It will be observed that the affidavit in the present case, leaving off the formal parts, is in all essential particulars a literal copy of the affidavit in the Woods case.

Again, in the case of Harrison v. Lakenan, 189 Mo. 581, the records show that a motion to dismiss the appeal because of the insufficiency of the affidavit, which alleged that "C. A. Barnes, one of the attorneys for the defendants in the above-entitled cause, being sworn, upon his oath says that the appeal prayed for by him is not made for vexation or delay, but because he considers himself aggrieved by the judgment and decision of the court," was overruled. This affidavit, like the one in the Woods case, is essentially the same as the one in this case.

While nothing is said in the opinion in either one of the last-two cited cases respecting the sufficiency of the affidavit for appeal, a brief was filed in the Woods case by respondent in support of the motion to dismiss the appeal, and by appellant in support of its motion to supply affidavit *nunc pro tunc,* and it must be presumed that the question as to the sufficiency of the affidavit for appeal was well and carefully considered. So that, when these adjudications are considered in connection with section 808 of the statute, we can but conclude that the order of the circuit court granting an appeal does not of itself confer jurisdiction upon the appellate court, but in addition thereto there must be filed an affi-

-davit for appeal in the trial court, within the time pre-scribed by the statute; but such affidavit need not follow literally the language of the statute; a substantial compliance therewith will suffice. [Thomas v. Mo. Town Mutual Fire Ins. Co., 89 Mo. App. 12.]

The defects in the affidavit complained of, and for which the respondents held it to be invalid, and insuffi-cient to confer jurisdiction upon the Court of Appeals, were clerical errors, which did not mislead or in any way prejudice the rights of the Farmers' State Bank of South Greenfield, respondents in said appealed case.

No point was made against the sufficiency of the affidavit in the court from which the appeal was taken, and where, in all fairness to the trial court and the appellant, the objection to the affidavit should have been made; otherwise, an appellee or his attorney might remain silent, knowing that an invalid affidavit for the appeal was being or had been filed, and after-wards take advantage of his adversary by raising an objection to it for the first time in the Court of Appeals,.. knowing that, under the rulings of that court, it could not be amended. It, is, however, due to the counsel for respondents to say that there is nothing disclosed by the record in this case from which it can be inferred that they knew of the defect in the affidavit until after the case reached the appellate court, and had once been continued by agreement in that court.

The Courts of Appeals have seemingly been dis-posed to construe section 808, supra, according to its. strict letter, rather than its spirit and intention, which latter method of construction has been adopted and fol-lowed by the Supreme Court.

In accordance with our rulings in DeBolt v. Rail-road, supra; Woods v. Railroad, supra; Harrison v. Lakenan, supra, and Cooley v. Railroad, supra, we hold the affidavit in question to be in substantial com-pliance with the statute, and that it conferred jurisdic-

tion of the appeal upon the Kansas City Court of Appeals.

Our conclusion is that a peremptory writ should be ordered to reinstate the appeal and hear and determine it. *Gantt, C. J., Valliant, Fox* and *Lamm, JJ.*, concur; *Woodson, J.*, dissents; *Graves, J.*, agrees to all that is said as to the sufficiency of the affidavit in question. He dissents as to the result for the reason that the case simply calls for the construction of the statute pertaining to such affidavits, and the Court of Appeals has as much right to pass upon such statute in a case falling within its jurisdiction as has this court in a case falling within our jurisdiction. [Railroad v. Sloop, 200 Mo. 198.]