ELLA EISIMINGER, Respondent, v. WILLIAM STANTON, Administrator, etc., Appellant.

Kansas City Court of Appeals, December 2, 1907, and March 2, 1908.

1. ACTION: Service: Family Relationship: Presumption. The presumption that services rendered by one member of a family to another were gratuitous is not a conclusive one but may be overcome by showing an express agreement for the payment or circumstances which will support the implication they were to be paid for. The person rendering the service has this burden.

2. ————: Husband and Wife: Wife's Services: Caring for Mother. The husband is entitled to the wife's services and the proceeds thereof in all domestic duties, but the wife is likewise entitled to the proceeds of her own separate labor performed out of the line of such duties. Held, the caring for and nursing of an afflicted mother is the separate labor of the wife for which she can maintain an action.

3. ———: ———: ———: Instruction. An instruction assuming that the services sued for were rendered is not reversible error where there is no evidence contradicting the rendering of the services.

4. ———: ———: ———: ———. Where the pleading claims recovery for certain services for a certain time and the evidence mentions no other services or time, an instruction permitting a recovery for valuable services which omits to mention the character and the time is held not to be prejudicial.

5. ADMINISTRATION: Demand: Evidence: Waiver of Service. On the trial of a demand against an estate a general objection to the waiver of service is properly overruled since the plaintiff must show the jurisdiction of the probate court; and if the waiver of service has objectionable matter therein it should be specially called to the attention of the court and a general objection is not good.

6. ———: Appeal: Affidavit. An administrator is a necessary party and not a mere agent of the estate; and his affidavit for an appeal that he is aggrieved by the judgment of the trial court is sufficient on appeal.

Appeal from Andrew Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*James W. Boyd* and *W. G. Hine* for appellant.

(1) Under the facts in this case, if respondent rendered any services to her mother in boarding, caring for in sickness, washing for, or boarding, caring for or cooking for friends and visitors of deceased such services were rendered in aid of her husband to support her family and constituted a part of her duty to him as his wife. She was as much bound to assist her husband in caring for her mother as her husband was under the terms of his written contract, to board, care for her in sickness and do her washing. Plummer v. Milan, 70 Mo. App. 598; Cullar v. Railroad, 84 Mo. App. 347; Plummer v. Trost, 81 Mo. 428; Kramer v. Transit Co., 107 Mo. App. 41; Newell v. Transit Co., 108 Mo. App. 530; Becker v. Real Estate Co., 118 Mo. 74; Perrigo v. St. Louis, 185

Mo. 274; York v. Everton, 97 S. W. 604; Swaggard v. Hancock, 25 Mo. App. 596, 600; Storck v. Mesher, 55 Mo. App. 26; M'cFarlin v. Heim, 127 Mo. 327, 333; Ayres v. Railroad, 52 Iowa 487; McCarty v. Bldg. Assn., 61 Iowa 287; Lawson on Contracts, sec. 103, p. 114. (2) The court erred in giving instruction number 2 asked by the respondent. (3) The court erred in giving instruction number 3 asked by the respondent. Wagner v. Edison Company, 177 Mo. 64; Ormsby v. Insurance Co., 98 Mo. App. 371; Carder v. Primm, 60 Mo. App. 423; Maack v. Schneider, 57 Mo. App. 434; Galbreath v. Carnes, 91 Mo. App. 516; Borden v. The Falk Co., 97 Mo. App. 570; State v. Lentz, 184 Mo. 235. (4) Instruction number 4, given on the part of respondent is misleading; constitutes no guide to a jury; allows the jury to determine what facts in evidence, or not in evidence, in their nature justify the inference of an actual contract.

*L. W. Booher* and *Booher & Williams* for respondent.

(1) Notwithstanding family membership in itself implies that services rendered in the family are gratuitous and without the expectation of pecuniary reward, the promise to pay may be implied for any facts and circumstances which in their nature justify the inference of an actual contract of hiring, or an actual understanding between the parties to that effect. Koch v. Hebel, 32 Mo. App. 103; Lawrence v. Bailey, 84 Mo. App. 107; Reando v. Misplay, 90 Mo. 251; Lillard v. Wilson, 178 Mo. 145. (2) When a daughter rendered services to her mother in taking care of her and waiting on her and intended while so doing to charge for the same, and such service was necessary to the comfort and well being of the mother, the daughter may recover their value. Reando v. Misplay, 90 Mo. 251; Lillard v. Wilson, 178 Mo. 145. (3) The general rule is that where service is rendered and received a contract of hiring or

obligation to pay will be presumed. This is the un-- doubted rule between strangers, but a relationship between the parties may exist, such as will cause the presumption that the services are acts of kindness and affection. In all such cases it will be a question for the jury, taking into consideration the nature and degree of the relationship, the circumstances in life of the parties and other matters which may affect it, whether there was an implied contract for compensation. Smith v. Myers, 19 Mo. 433; Lillard v. Wilson, 178 Mo. App. 155; Kerr v. Cusenberry, 60 Mo. App. 563; Vorester v. Kunkle, 86 Mo. App. 197; Sprague v. See, 152 Mo. 327; Koch v. Hobel, 32 Mo. App. 103; Lawrence v. Bailey, 84 Mo. App. 107; Reando v. Misplay, 90 Mo. 251. (4) The trial court may instruct the jury at any time during the consideration of the case by the jury, provided the instruction announces a correct proposition of law, applicable to the facts of the case, is given in open court and affords the opposing party an opportunity to know its contents and note exceptions thereto. Pace v. Roberts, 103 Mo. App. 662; Jones v. Transfer Co., 147 Mo. 678. (5) The court did not err in overruling appellant's demurrer to the evidence. Whether or not service rendered a badly afflicted old lady by a daughter who lived with her (under the circumstances of this case), were intended as a gratuity or were rendered under an implied contract for pay is upon a proper showing, a question for the jury. Lillard v. Wilson, 178 Mo. 145.

BROADDUS, P. J.—The cause originated in the Probate Court of Andrew county, where plaintiff had judgment from which the administrator appealed to the circuit court, where it was again tried and plaintiff again obtained judgment from which defendant appealed to this court.

The proceeding was instituted by the plaintiff by

filing an account against the estate of the deceased for services rendered in caring for, nursing, boarding, and washing for Elizabeth Stanton from February 10, 1905, to October 25, 1905, at three dollars per day in the sum of $735.00, and for boarding, caring for and cooking for visitors and friends of said Elizabeth Stanton for the same period of time $200. The latter item was abandoned on the trial in the circuit court. The jury rendered a verdict for the plaintiff for the full amount of the first item.

The case is as follows: In the fall of 1901 the deceased who owned a farm, made her home with the plaintiff, her daughter, and her husband on the farm of the husband. In February, 1902, she moved back to her own place at which time she developed symptoms indicating that she had cancer. Her disease grew worse, and on August 3, 1903, she entered into a contract with Nathan Eisiminger, plaintiff's husband, for the purpose of of having herself cared for. By the terms of the contract the deceased leased to Nathan Eisiminger her farm for a period of one year beginning March 1, 1904. The consideration for the lease was as follows: the payment of $125 to the deceased, to board and care for her in her sickness and do her washing, she to pay her doctor, and bills for medicine. There were other provisions in the lease which have no relation to the matter in controversy. Nathan Eisiminger continued in the possession under his lease for a term of two years ending March 1, 1906, during which time he paid $125 a year. The last year payment was to the administrator of the deceased.

During the trial the defendant offered to show that the rental value of the farm of deceased was $300 per year. The court refused to admit evidence to that effect on the ground that it was an immaterial matter and we think properly as it could not possibly have any bearing on the matter in issue.

The evidence showed that Mrs. Stanton was sorely affected with the disease of cancer from February 10, 1905, to October 25th of that year and that she required much attention and care; and it is for that period of time that plaintiff claims she rendered the services for which she seeks compensation. That she did render constant and necessary service during the time mentioned was fully shown by the evidence; and it was also shown that they were rendered under the most disagreeable circumstances imaginable, which was occasioned by the offensive odor engendered by the loathsome disease of cancer. And it is plainly inferable from the evidence that much of such service was such as could not have been performed by plaintiff's husband, and such as under the circumstances could not have been obtained at the hands of ordinary hired servants. Under such conditions it required the exercise of the greatest affection and a high sense of moral duty even in a daughter to attend or care for an afflicted mother. And it is defendant's theory that the plaintiff being the daughter, that she performed the services in controversy as such with no understanding and no intention or expectation of being recompensed therefor, and it is the law if they were so rendered she cannot recover for them against the estate of her mother. The plaintiff does not take issue with defendant on his broad statement of the law, but denies its application to the facts of the case.

The plaintiff introduced her son Laurence as a witness who testified that he heard deceased tell his mother that if she took down with the disease of cancer and if she would wait on and care for her she would pay her for her services. And another son testified to a similar conversation in which he heard his grandmother say she expected to pay plaintiff for her services. The plaintiff was not a member of the family of deceased. She was a married woman with children and a husband, and at the time she did not live in the family of

her mother, but on the contrary the mother lived in plaintiff's family, which taken in connection with the understanding that remuneration was expected and promised, made it a case for the jury to say whether or not the presumption that the services were gratuitous, if any existed was overcome. In Lillard v. Wilson, 178 Mo. 145, the court held: "The presumption that the services rendered by one member of a family to another were gratuitous is not a conclusive one. It may be overcome by showing an express agreement for payment, or by showing circumstances which will support the implication that the services will be paid for. The burden is of course on the person rendering the services to overcome the presumption which the law raises that such services were rendered gratuitously." The quotation is from the Am. Eng. Ency. Law, p. 1048. And it is said that the rule thus stated has been illustrated by its application in this State. [Lillard v. Wilson, 178 Mo. 145.]

But defendant contends that as the husband was in the discharge of his duty, under his contract, in taking care of and nursing deceased, the plaintiff was in the discharge of her duty in assisting him in so doing. In other words the proceeds of her labor was the property of the husband, therefore she is not entitled to compensation, therefor. It is well established law that the husband is entitled to the services of his wife and the proceeds thereof in all matters pertaining to her domestic duties and it is as well established law, also, that the wife is entitled to the proceeds of her own separate labor performed outside of the line of such duties. [Sections 4335, 4340, R. S. 1899; Christianson v. McDermott's Estate, 100 S. W. 63; 123 Mo. App. 448; Nelson v. Railroad, 113 Mo. App. 659; Ingals v. Fergurson, 138 Mo. 358; Cullar v. Railway, 84 Mo. App. 347.] The services rendered by plaintiff were not in

the line of her duty as a wife, but her separate labor for which she is entitled to compensation.

Instruction numbered two given in behalf of plaintiff is criticised on several grounds all of which are merely technical, except wherein it assumes that the services sued for were rendered, which objection would be fatal had there been any evidence contradictory of that offered by plaintiff. The record shows conclusively that such services were rendered. The verdict in that respect being for the right party will not therefore be disturbed.

Instruction numbered three is claimed to be erroneous and misleading. It reads as follows: "The court instructs the jury that if they believe from the evidence that plaintiff rendered valuable services to the deceased, Elizabeth Stanton, in her lifetime, and at her request, and that deceased did not pay her for such services in her lifetime, then her estate is liable to plaintiff for the reasonable value of such services, to be determined by the jury from the evidence, unless the jury should find from all the evidence before them that such services were rendered by plaintiff without any intention on her part of charging deceased for the same at the time she rendered the services." The objection is that no particular period of time is fixed for which compensation is to be considered for services rendered, nor the kind of services which the jury may take into consideration in making a verdict. Compensation for services was claimed for a certain period of time and of a certain kind and no other; and all the evidence had reference to such time when and the kind of services rendered and no other. Such being the case we are at a loss to know how defendant could have been injured by the alleged error. It is not and cannot be shown that the instruction was prejudicial to the defendant in any way whatever.

Nearly all the instructions of plaintiff have been

subjected to the criticism of defendant's counsel, but the objections raised are such as may be urged in every case after they have been subjected to the careful scrutiny of ingenious and capable lawyers, and which if regarded by the appellate courts would result in the reversal of most cases and the defeat of substantial justice.

During the trial plaintiff offered in evidence waiver of notice of presentation of her demand against the estate of deceased. The defendant objected to the offer for the reason that it was incompetent, irrelevant and immaterial, and did not relate to the merits of the case. The objection was overruled. The waiver was in writing and reads as follows: "I, William Stanton, administrator of the estate of Elizabeth Stanton, hereby waive service of notice and presentation of allowance for the within claim ——— day of December, 1905, and am satisfied of its correctness." Signed. "William Stanton, Administrator, by W. G. Hine, his attorney."

The defendant called said Hine who testified as follows: "Now, gentlemen, I have seen a great many of those but I never saw one like this before, and I didn't know these words were in there that—." At this point plaintiff objected to the statement of witness, for the reason that "he has not claimed any advantage was taken of him and this statement is incompetent." The objection was sustained by the court, to which ruling of the court defendant excepted. It does not appear that the waiver was read to the jury as evidence. It was a part of plaintiff's case to show that her claim was properly presented for allowance before the probate court, as it was necessary to show the jurisdiction of that court. The defendant with propriety might have objected to it as evidence for the jury but he did not do so, but as we have seen objected to its admissibility on general grounds. If his object had been, and we suppose it was, to have excluded that part of the waiver which acknowledged the correctness of the claim he

should have said so, and we presume that the court would have stricken it out. It is a well-settled rule that where a document is offered as evidence which is competent for the purpose intended, but which contains matter that is incompetent the party objecting should point out the objectionable part in order to have it excluded, otherwise his objection will be disregarded.

The respondent has filed a motion to dismiss the appeal on the ground that the affidavit for appeal is fatally defective. The administrator in his affidavit stated "that the appeal prayed for by him is not made for vexation or delay but because he believes himself aggrieved by the decision of the court." The contention of respondent is, that the administrator is not the appellant but that the estate of Elizabeth Stanton is the appellant in the proceeding and that the affidavit should have stated that the estate was aggrieved. In support of her theory we are referred to the following authorities: United Iron Works Co. v. Lead & Zinc Co., 126 Mo. App. 238; 102 S. W. 1104; Thomas v. Insurance Co., 89 Mo. App. 12; Schnabel v. Thomas, 92 Mo. App. 180. In all these cases the affidavits were similar to the one in hand. In the first case the affidavit was made by the president of the defendant corporation. In the other two cases the affidavits were made by the agents of the defendants. They were in each instance held to be fatally defective.

But we do not think that the affidavit here is defective in either form or in substance. An administrator is not a mere agent. Under the law the personal estate of the deceased descended to the administrator, and under the statute it became his duty to take possession of such property (section 68, Revised Statutes 1899), and to administer it as provided by chapter 1 of said statute. No suit could be maintained against the decedent's estate unless he was made the party defendant. [Sec. 92, Idem.] In all proceedings against

the estate of a deceased person the administrator or executor is an indispensable party. Corporations may sue and be sued, but the personal estate of a deceased person is not a legal entity, and therefore cannot sue or be sued as such. The motion to dismiss the appeal is overruled, for the reasons given the cause is affirmed. All concur.

