EMIL ROSENBERGER, Respondent, v. PACIFIC
EXPRESS COMPANY, Appellant..

St. Louis Court of Appeals.   Submitted on Briefs February 7,
1911.   Opinion Filed February 21, 1911.

1. **APPELLATE PRACTICE: Jurisdiction: Sufficiency of Affidavit
   for Appeal.** A paper filed in the trial court, which is correct
   in form as an affidavit for appeal, but which is neither signed
   by any one, nor has a jurat attached, signed or attested by a
   person authorized to administer oaths, is insufficient to war-
   rant the granting of an appeal, and the appellate court in such
   case has no jurisdiction of the appeal.

2. ————: ————: **Insufficient Affidavit: Striking Cause from
   Docket.** Where the appellate court is without jurisdiction of
   a cause, by reason of the failure of the appellant to file an
   affidavit for appeal in the trial court, the proper order for the
   appellate court to make is to strike the case from the docket.

Appeal from Montgomery Circuit Court.—*Hon. James
D. Barnett,* Judge.

STICKEN FROM DOCKET.

*Jas. L. Minnis* and *G. Pitman Smith* for appel-
lant.

*E. Rosenberger & Son* for respondent

There is no affidavit for an appeal. The paper
filed as an affidavit is a nullity. No signature and no
jurat. There is no appeal without an affidavit and the
appeal should be dismissed. State ex rel. v. Gates, 113
Mo. App. 694; Peters v. Edge, 87 Mo. App. 283; Single
v. Smith, 48 Mo. 276.

REYNOLDS, P. J.—In this case respondent filed
a motion to dismiss the appeal for reasons stated, which
motion was sustained and the appeal dismissed. After-

wards, on application and motion of appellant, that order of dismissal was set aside, leave being at the same time granted respondent to file a supplemental or additional abstract. That was done.    It appears by this additional abstract filed by respondent, the facts in which are not controverted, that no affidavit for appeal. was ever in fact made or filed.    A paper appears to have been filed, in which paper it is set out that one of the attorneys, as agent for appellant and for the purpose "of taking an appeal herein," states that the appeal "is not made for vexation or delay, but because this affiant and appellant believes that the said appellant is aggrieved by the judgment and decision of the above named court." This form is correct.    But the paper itself, as set out in respondent's supplemental abstract is neither signed by any one nor is the blank jurat to it signed or attested by the clerk.    To all intents and purposes it is a blank piece of paper which was filed in the case.    As we are wholly without jurisdiction of the cause, following the decision of the Kansas City Court of Appeal in Peters v. Edge, 87 Mo. App. 283, all that we can do is to strike the cause from the docket as one not in court.    Our Supreme Court, in Lengle v. Smith, 48 Mo. 276, under practically the same kind of facts, held that the appeal should be dismissed.    But no question was there raised as to the proper order to be made.

In State ex rel. v. Broaddus, 210 Mo. 1, 108 S. W. 544, where the question presented to the Kansas City Court of Appeals was whether the affidavit for appeal was sufficient, that court on motion dismissed the appeal.    While the Supreme Court, in issuing its writ of mandamus to the judges of the Kansas City Court of Appeals, held that the affidavit which the latter court held insufficient was sufficient and that the appeal was improperly dismissed, this was so held, not because that was or was not the proper form of order to make, but because the affidavit was in itself sufficient.    So the

form of the order, the proper order to enter, was not discussed or decided. What we have to deal with is, that this case is here on the order of the circuit court granting an appeal, and that order unsupported by any affidavit. In the Broaddus Case, however, it is distinctly decided that the order of the court granting the appeal does not confer jurisdiction of an appeal; that the order granting an appeal, in the absence of proper affidavit therefor, confers no jurisdiction upon the appellate court. The determination of this point of practice is not very important one way or the other, except with the view of following correct rules of practice. It seems to us, on principle, that the correct order in this cases should be one striking the cause from the docket, not one dismissing the appeal, although practically both produce the same result. That is to say the case goes out of this court as one not properly brought here by appeal. That leaves the judgment of the circuit court exactly where it was at the time of its rendition. Accordingly the order in this case is that the cause be stricken from the docket. *Nortoni* and *Caulfield. JJ.,* concur.