A. N. WALSER, Respondent, v. GEORGE H. LEACH and SARAH M. LEACH, Partners Doing Business Under the Partnership Name of GEO. H. LEACH & CO., Appellant.

Kansas City Court of Appeals, December 18, 1916.

1. **APPEAL AND ERROR: Affidavit for Appeal: Jurisdiction.** The right of appeal is purely statutory, and, in order to avail himself of that right, a party must conform to the requirements of the statute. Regardless of the recitals in the order of the circuit court allowing an appeal, jurisdiction is not conferred upon the appellate court in the absence of a sufficient affidavit. The affidavit need not follow the language of the statute but it must be in substantial compliance therewith.

2. ———: ———: ———. Where the affidavit shows on its face an attempt to comply with the statute, then, even if an error is committed by the omission of one or more words, the error may be treated as merely clerical. But an affidavit, made by the attorney for the party, which says it is "made in order that substantial justice may be done" does not attempt to follow the statute and affords no room for the "clerical error" rule.

Appeal from Cole Circuit Court.—*Hon. J. G. Slate,* Judge.

APPEAL DISMISSED.

*Irwin & Haley* for appellants.

*Pope & Lohman* for respondent.

TRIMBLE, J.—Respondent has filed a motion to dismiss the appeal herein on the ground that the affidavit for appeal does not comply with the statute so as to vest us with jurisdiction.

An agent and attorney of appellant made the affidavit, and it recites that he "being duly sworn, upon his oath, says that he is attorney and agent for Sarah M. Leach and as such makes this affidavit on her behalf and in her stead, and prays for an appeal of the above entitled cause to the Kansas City Court of Appeals and says that the appeal herein prayed for is from the merits of the cause and that it is made in order that substantial justice may be done and not for the purpose of hindering or delaying said cause."

Section 2040 Revised Statutes 1909, provides that "No . . . appeal shall be allowed unless . . . the appellant or his agent shall . . . file . . . his affidavit, stating that such appeal is not made for vexation or delay, but because the affiant believes the appellant is aggrieved by the judgment or decision of the court"

Regardless of the recitals in the order of the circuit court granting an appeal, jurisdiction is not conferred upon the appellate court in the absence of a sufficient affidavit. [Cassidy v. City of St. Joseph, 247 Mo. 197.]

The right of appeal is purely statutory and in order that a party may avail himself of that right he must conform to the requirements of the statute. [Drainage District No. 4. v. Wabash Ry. Co., 216 Mo. 709; Owens v. Mathews, 226 Mo. 77; United Iron Works Co. v. Sand Ridge, etc., Co., 126 Mo. App. 238.]

It is not necessary that the affidavit follow the language of the statute literally, but it must be in substantial compliance therewith. And where the affidavit shows on its face that there was an attempt to comply with the statute, then even though an error of substance is committed by the omission of some one or more words, the error can be treated as a mere clerical error. [Cassidy v. City of St. Joseph, 247 Mo. 197, 203-4.]

But in the case now before us, there is no attempt to follow the statute. In this affidavit the affiant says "it is made in order that substantial justice may be done" that is, because the *affiant* wants to see substantial justice done, while the statute requires that the affidavit must recite that the appeal is prayed "because the affiant believes the *appellant* is aggrieved by the judgment," etc. In Cassidy v. St. Joseph, supra, the Supreme Court held that the omission of the word "vexation" was not a mere error of form, and that an affidavit omitting such word was not a substantial compliance with the statute, but that the affidavit showed upon its face that the statute was intended to be followed and that its absence was the mere "accidental omission of something the scrivener intended to write, and it would require evidence to convince us that it was his deliberate intentional act." In the case at bar the affidavit says nothing about "vexation" nor does it say anything about the appellant being aggrieved. As stated above, the affidavit makes no attempt to follow the statute, hence there is no room for the application of the "clerical error" rule. Clearly the affidavit does not, in substance, contain what the statute says it must contain. And we cannot say it means the same as the statute requires. If we can accept the wording of this affidavit in lieu of the one required by

the statute, then it is difficult to say where a limit should be placed.    If, by construction, we can treat the words of this affidavit as a sufficient substitute for the requirements of the statute, where would the variance permissible come to an end?   As said in the Cassidy case, supra, p. 204:

"Similar reasoning would apply should we undertake to substitute any other words contained in the statutory affidavit for that omitted.  It has a signification of its own which the Legislature had the right to take into consideration, and we have little sympathy for judicial construction which substitutes the judgment of the courts for the judgment of the Legislature."

The appeal is, therefore, dismissed.   The other judges concur.